## The Board of Health of the Marine Hospital for the State of California *vs.* The Pacific Mail S. S. Co.

An action founded upon a statute to recover a penalty, where no penalty is imposed by the statute, cannot be sustained.

Where a statute required the owners or consignees of every vessel entering the harbor of San Francisco to give a several bond to the state in a penalty of two hundred dollars for every passenger and member of the crew on board of such vessel, but no penalty was given by the statute for the neglect or refusal to give such bond, and an action was brought to recover $200 for each passenger brought on the defendant's steamer into the port of San Francisco, as a *penalty for neglecting to give such bond; Held,* that the action could not be sustained.

If, in such case, any action at all can be brought, it must be to recover such *damages* as the plaintiffs can show they have actually sustained by reason of the refusal to give the bond; but they cannot succeed in an action to recover a *penalty.* *Per* Bennett, J.

The Board of Health *v.* The Pacific Mail Steamship Co.

APPEAL from the superior court of the city of San Francisco. The action was brought to recover a *penalty*. The defendants demurred to the complaint, and the superior court gave judgment for the plaintiffs; and the defendants appealed.

*John B. Weller*, for plaintiffs.

*S. Heydenfeldt* and *M. H. McAllister*, for defendants.

*By the Court*, BENNETT, J. By the 10th section of the " Act " providing for the creation of a Marine Hospital for the state of " California," it is made the duty of the master of every vessel arriving at San Francisco, to report in writing the names and the number of passengers and crew, under a penalty of five hundred dollars for each passenger or person omitted. Section 11 makes it the duty of the Board of Health to require the owners or consignees of such vessel to give a several bond to the state in a penalty of two hundred dollars for each person included in such report; and section 12 authorizes the owner or consignee to commute for the bond by paying to the Health Commissioner a specified sum.

The action is brought under the 11th section to recover a penalty for the neglect of the defendants to give the bond, which the Board of Health is authorized thereby to require, and judgment was rendered by the court below in favor of the plaintiffs, upon a demurrer to the complaint.

We think the judgment should be reversed. Neither the 11th section, nor any other section of the act, imposes any penalty for a neglect or refusal to give the bond, nor indicates any mode of enforcing a compliance with the requirement of the Board of Health. It is, in truth, a law without a sanction, and, consequently, wholly inoperative. If the plaintiffs can succeed in any form of action it must be in a suit to recover such *damages* as they can prove they have sustained by reason of the defendants' refusing to give the bond required. But the complaint is not framed with that view, and, if it were, it is not

probable that the plaintiffs can prove that they have sustained any damage.

Judgment reversed.