[No. 20441. In Bank. — December 27, 1888.]

## THE PEOPLE, RESPONDENT, *v.* F. T. NORTHEY, APPELLANT.

GRAND JURY — BIAS OF JURORS — FORMATION OF PREVIOUS OPINION. — The previous opinion which disqualifies a grand juror is one formed from mere hearsay, without the sanction of an oath. The formation of an opinion of the guilt of a party indicted by the grand jury, from his testimony under oath given before them, upon a similar charge against another person, is no disqualification.

ID. — SCOPE OF INQUIRY OF GRAND JURY — BIAS. — A grand jury has, within the scope of its inquiry, all public offenses committed or triable within its county; and though it takes up a charge against one person, if it appears from the testimony taken on such examination that sufficient reasons exist for putting another person on his trial, they can and should find an indictment against such person. An opinion of the guilt of such person so formed involves nothing of bias or prejudice, though the indictment against him be not directed on the same day. Nor does the calling of other witnesses, before finding such indictment, indicate bias or prejudice of the jurors.

ID. — PRESENCE OF GRAND JURORS IN COURT. — The fact that two of the grand jurors were in court when another person was on trial for the same offense, and heard the defendant plead his constitutional privilege as a witness, is of no significance, if it does not appear that it had any effect upon the indictment of the defendant.

ID. — MOTION TO SET ASIDE INDICTMENT — CUMULATIVE PROOF OF BIAS — CONTINUANCES. — The court may properly refuse to delay the hearing of a motion to set aside an indictment for bias of the grand jurors, when it appears from the statement of counsel asking the delay that he expects to prove the same sort of prejudice, partiality, or bias of another grand juror, on the same facts as existed and were proved in regard to other jurors, which facts were no legal indication of bias or prejudice.

INDICTMENT — INDORSEMENT OF NAME OF DEFENDANT AS WITNESS. — If the defendant has testified before the grand jury, it is not necessary to indorse his name upon the indictment as a witness; and the failure to do so is not ground of motion to set aside the indictment.

ID. — DEPOSITION — NOTES OF SHORT-HAND REPORTER. — The notes of a short-hand reporter of testimony given orally upon a trial and read to the grand jury by the reporter are not a deposition, within the meaning of the statute requiring the name of a witness, whose deposition was given to the grand jury, to be inserted at the foot of the indictment or indorsed thereon.

TRIAL — IRREGULARITY — REMARKS OF JUDGE — INSTRUCTIONS CURING ERROR. — A remark of a judge, during a criminal trial, that he thought "the prosecution in criminal cases was too much handicapped," is not ground of reversal, if the judge subsequently instructs the jury to disregard the remark, and so cautions them as to remove all apprehension that the remark would have any effect on their minds prejudicial to the defendant.

CRIMINAL LAW — BRIBERY — DOCUMENTARY EVIDENCE. — On the trial of an indictment for offering a bribe to a juror who served in a civil action, the complaint, answer, and minutes of the court in such action are admissible in evidence to prove the allegation of the indictment, and to show that the juror to whom the bribe was offered served as a juror on the trial of such action, and it is proper to read them to the jury.

TRIAL — READING DOCUMENTARY EVIDENCE TO JURY. — Whatever documentary evidence is admissible may be read to the jury, without regard to the purpose for which it is offered.

ID. — INSTRUCTION LIMITING EFFECT OF EVIDENCE. — If evidence is offered for a special purpose, which the party against whom it is offered fears may operate prejudicially, if not limited in its scope to such purpose, he must request an instruction so limiting it, or he cannot assign the failure of the court to instruct on such point as error.

OMISSION OF COURT TO INSTRUCT JURY. — It is a general rule in all cases that an omission of the court to instruct the jury on any point is not error, unless a proper instruction is asked by counsel and an exception taken to the refusal of the court to give it.

ID. — ADMISSIONS OF DEFENDANT — APPEAL — OBJECTION FOR FIRST TIME. — A written statement of the evidence given by the defendant before the

grand jury, which he has admitted to be correct, is admissible in evidence against him. The objection that the evidence was not shown to have been voluntarily given, or that the admission was made while in prison, cannot be raised on appeal for the first time.

BRIBERY — ACCOMPLICE — EVIDENCE. — When counsel for defendant informs the court that he is going to contend that a juror to whom a bribe was offered was an accomplice with the defendant accused of offering the bribe, it is admissible for such juror as a witness to testify upon such collateral issue, and to illustrate his conduct, that he was advised by a third person, whom he had informed of the offer, to hear all that was to be said, and to seemingly acquiesce, so as to prevent the defendant from approaching other jurors, and that he acted in pursuance of such advice. PATERSON, J., dissenting.

GRAND JURY — OBLIGATION OF SECRECY. — The rule of secrecy of the proceedings before a grand jury is intended only for the protection of the grand jurors, and the witnesses before them cannot invoke it; and the fact that a person was called, sworn, and examined as a witness before the grand jury does not come within the rule of secrecy, and a grand juror may testify to such fact.

BRIBERY — OFFERING BRIBE OF THIRD PERSON. — The conveyance to a juror of an offer of a third person to bribe such juror is the offering of a bribe by the person conveying the offer, and is no less an offer to bribe because the money to be paid was not to come from his pocket.

REHEARING. — The court will not consider upon petition for rehearing any point waived, either expressly or tacitly, upon the argument by not being then urged or suggested; and this rule applies to criminal cases, and will not be dispensed with except in a case of peculiar or real hardship. Technical points urged on petition for rehearing, for the first time, will not be considered.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*George A. Knight*, and *Carroll Cook*, for Appellant.

The motion to set aside the indictment should have been granted. (Pen. Code, secs. 896, 995; *People* v. *Weil*, 40 Cal. 268; *Greenfield* v. *People*, 74 N. Y. 277.) The remarks of the judge were prejudicial error. (*People* v. *Williams*, 17 Cal. 147; *People* v. *Foote*, 71 N. C. 306; *State* v. *Tickel*, 13 Nev. 509; *State* v. *Rothschild*, 68 Mo. 52.) The court did not and could not cure the error by in-

structions.  (*Root* v. *Loundes,* 6 Hill, 519; 41 Am. Dec. 762; *Scripps* v. *Reilly,* 38 Mich. 14; *State* v. *Woolf,* 15 Mo. 173; *State* v. *Mix,* 15 Mo. 160; *State* v. *Meade,* 54 Vt. 127; *Mc-Minn* v. *Whelan,* 27 Cal. 300; *Hill* v. *Finigan,* 62 Cal. 440.) The name of the defendant as a witness should have been inserted in the indictment. (Pen. Code, secs. 943, 995.) The court was in duty bound to limit evidence as to the proceedings in the civil action. (*Davidson* v. *State,* 4 Tex. App. 545; 30 Am. Rep. 166; *Long* v. *State,* 11 Tex. App. 381; *McCall* v. *State,* 14 Tex. App. 353; *Kelly* v. *State,* 18 Tex. App. 262.) The proof of Northey's evidence given before the grand jury was inadmissible. (1 Greenl. Ev., sec. 219; *People* v. *Elyea,* 14 Cal. 144; *People* v. *McMahon,* 15 N. Y. 384; Pen. Code, sec. 926; *Fotheringham* v. *Adams Express Co.,* 34 Fed. Rep. 646; *Beam* v. *Link,* 27 Mo. 262.) There was variance of the proof and insufficiency of evidence to show an offer to bribe by Northey. (Pen. Code, secs. 92, 95; *State* v. *Harker,* 4 Harr. (Del.) 561.)

*Attorney-General Johnson,* for Respondent.

The motion to set aside the indictment was properly disallowed. (*People* v. *Crowey,* 56 Cal. 36; *People* v. *Ah Chung,* 54 Cal. 398; Pen. Code, secs. 943, 995, 1172, subd. 2.) The postponement was properly denied. Pen. Code, sec. 1052, note; Hayne on New Trial and Appeal, sec. 61.) The effect of the remarks of the judge was cured by the instructions. (*People* v. *Giancoli,* 74 Cal. 642.) The court was not bound to limit the evidence by an instruction in absence of request therefor. (*People* v. *Flynn,* 73 Cal. 511.) There is no variance between the charge and the proof. The evidence shows an offer to bribe by the defendant. (Pen. Code, sec. 92; *People* v. *Ah Fook,* 62 Cal. 423.)

THORNTON, J.—The defendant Northey was accused by indictment of willfully, corruptly, and feloniously

offering to give a bribe to H. F. Woods, a juror on the trial of the action of Wright et al. against the Geary Street, Park, and Ocean Railroad Company, pending in the superior court (department 6 thereof), of the city and county of San Francisco, and in which an issue of fact had been joined, with the corrupt and felonious intent to corruptly influence the vote, opinion, verdict, and decision of Woods, as juror, in favor of the defendant, in the action above named.

The defendant was convicted and sentenced to imprisonment in the state prison for the term of nine years. A motion for a new trial was made by defendant and denied, and he prosecutes this appeal from the judgment and order denying a new trial.

The defendant, not having been held to answer before the finding of the indictment, when called on to plead, moved to set aside the indictment,—

"1. Because Stewart Menzies, Patrick Connolly, W. H. Coddington, Charles F. Doe, J. J. Donovan, Charles Holbrook, A. P. Hotaling, Patrick Lynch, P. V. Merle, Samuel Pollack, F. G. Wagner, Louis Abrahams, H. Brandt, A. R. Kelly, Solomon Kohlman, George C. Shreve, William Wolf, and Jacob Greenbaum, members of the grand jury which found the said indictment against defendant, were at the time they were impaneled as grand jurors on said grand jury, and at the time they found the said indictment, incompetent to act as grand jurors in the finding of said indictment, for the reason that there existed a state of mind in each of them in reference to the above entitled case and this case, and in reference to this defendant, which prevented them, and each of them, from acting impartially or without prejudice to the substantial rights of defendant in the finding of said indictment.

"2. That the names of all witnesses and persons appearing before said grand jury are not and were not inserted at the foot of said indictment, or indorsed thereon."

It appears from a bill of exceptions found in the record that Patrick Connolly and Stewart Menzies, on their examination on the hearing of the motion above stated, testified that they were members of said grand jury that found the indictment against the defendant Northey, and that they voted for the finding of the indictment.   Twelve grand jurors, including them, voted for the finding of the indictment.   They were present in court when the case of *People* v. *Robert F. Morrow* was on trial, for procuring Frank T. Northey to approach and offer to give a bribe to H. F. Woods, in the cause of *Florence M. Wright et al.* v. *Geary Street, Park, and Ocean Railroad Company,* wherein defendant here was called as a witness for the prosecution, and declined to answer all questions put to him relating to the charge against Morrow, on the ground that they would have a tendency to convict him of a felony; and were present in the grand-jury room when the charge against Morrow was examined, and when Northey testified, and heard defendant Northey then testify.

Connolly further testified that after hearing the testimony of Northey given before the grand jury in the Morrow case, he had formed an opinion that Northey was guilty; that that opinion was a fixed and decided opinion, and founded on Northey's own statement before the grand jury; that this opinion was formed before the finding of the indictment against Northey; and that he had this opinion when he went to examine the charge against Northey.

Menzies was also called and testified that he formed the opinion after hearing Northey's testimony on the examination of Morrow's case before the grand jury; that Northey admitted his guilt in this testimony; that the opinion was decided as to his guilt; that he voted for the indictment against Northey; that it was founded on the testimony of Woods; that the indictment against Northey was found after the finding of the indictment against Morrow; that he acted fairly and impartially

and without prejudice in finding the indictment under consideration.

John T. Wagner, Alfred R. Kelly, F. G. Wagner, Charles F. Doe, William H. Coddington, Samuel Pollack, and Jacob Greenbaum, who were members of the same grand jury, and acted on the indictment against Northey, and voted for it, also testified that they heard Northey's testimony before the grand jury above mentioned, and on this testimony formed a fixed and decided opinion that Northey was guilty.

Patrick Lynch was one of the same grand jury, and testified that the short-hand reporter's notes of Northey's testimony on the trial of the indictment against Morrow were read to the grand jury, while it had Northey's case under discussion.

It appears further by the bill of exceptions, and is so stated therein, "that each and all of said above-named grand jurors testified, upon their examination on said motion, that when they acted upon the case of defendant, and considered and found said indictment, they had no bias or prejudice against defendant, and acted without regard to any prior opinion of his guilt, and without prejudice, and were not influenced in any manner against defendant, or his substantial rights, but acted impartially and fairly upon the evidence introduced before them in the grand-jury room on the hearing of the charge against the defendant, and not from comments in public journals, or public rumor, or common notoriety."

In connection with this inquiry, the counsel for defendant asked for a subpœna to procure the attendance of A. P. Hotaling, one of the members of the grand jury who had acted on and voted for the indictment against Northey. A subpœna had been regularly and with diligence issued for Hotaling, and placed in the hands of the sheriff, who returned that Hotaling was absent from the county and could not be found, but that he would return in two days.

The court inquired of counsel what he expected to prove by Hotaling, to which he replied that he proposed to show by Hotaling substantially the same facts as testified to by the other grand jurors; that he had formed a fixed and decided opinion as to the guilt of Northey, from Northey's testimony before the grand jury above stated, and that opinion was, that he was guilty.

The court required of counsel to make his statement by affidavit, which counsel refused to make, and thereupon the court refused to grant further time to subpœna grand jurors.

The court refused to set aside the indictment, and defendant excepted.

It is argued that the indictment should be set aside for the reason that it appears from the testimony of the grand jurors examined that a state of mind existed on the part of each of them, when they found these indictments against Northey, in reference to Northey and his case, which prevented them, and each of them, from acting impartially, or without prejudice to the substantial rights of the defendant in finding the indictment herein.

The partiality and prejudice here charged against each grand juror is based on the fact that in examining in their capacity as grand jurors a case against Robert F. Morrow, Northey was called as a witness before the grand jury, and on such examination testified that he was guilty of the offense charged in the indictment, and that, in this testimony, each of them had formed the opinion that he was so guilty.

It clearly appears from the testimony of one of the grand jurors examined that Northey, in his testimony, admitted his guilt, and as they all say that they formed their respective opinions on this testimony, the inference is irresistible that such was the character of Northey's testimony. It is admitted by each of these grand jurors that their opinion formed on such testimony was fixed and decided.

Now, conceding that an indictment can be vitiated by the participation of a grand juror in finding it, who had formed before entering on its examination an unqualified, fixed, and decided opinion that the defendant so indicted was guilty, and for that reason should be set aside, can it be that an opinion formed under the circumstances in evidence herein is of that character? The facts upon which the opinion of each grand juror was formed herein came to his knowledge in the discharge of his duty as a grand juror, when the grand jury was engaged in the discharge of its official duties, in inquiring into a public offense against the people of the state, triable within the county of their impanelment. Northey is called as a witness before them, and testifies under oath, in the presence of the jury, to facts which inculpate him in a public offense, within the scope of their inquiry. In effect, the witness admits his guilt. The grand jurors hear his sworn statement, and conclude that he is guilty. Can such an opinion — is it possible that an opinion so formed can be disqualifying as to any member of the grand jury to act upon an indictment of the witness for the offense of which he admits his guilt? The opinion which disqualifies is one formed from something heard outside, which has none of the sanction of an oath, and is merely hearsay. It might as well be charged against a judge that he is partial, or biased, or prejudiced against a person tried for a public offense before him, when, on a motion for a new trial of the cause, on the ground that the verdict is contrary to the evidence, he states in denying it that he has heard and considered the evidence, and formed the opinion when he heard it, and was still of opinion that the defendant was guilty, and the verdict correct.

The counsel speaks of Morrow's case, and the grand jury having under consideration Morrow's case when Northey gave his testimony, and he seems to regard the grand jury as resembling a petit jury, and, like the lat-

ter, restricted to the examination of a particular case. We do not think this is a proper or reasonable view. The grand jury has within the scope of its inquiry all public offenses committed or triable within its county (Pen. Code, sec. 915), and though it takes up for examination a charge against one person, if it should appear from the testimony taken on such examination that sufficient reasons exist for putting another person on his trial, they can and should find an indictment against such other person. Suppose in such a case they should conclude that both persons should be indicted on an opinion formed, when the charge against one only was specially under examination. Both indictments might not be directed by the same order. The indictment against the witness might be ordered on a day subsequent to the order of the other. Could it with any justice or propriety be said, under these circumstances, that a grand juror was not impartial or was prejudiced, because when the matter of directing an indictment against the witness was taken up he had already formed an opinion, on evidence regularly heard, that the witness was guilty? Can bias or prejudice or partiality be charged against members of a grand jury, because, having already formed an opinion of a party's guilt on testimony regularly and lawfully heard, they hear the testimony of another witness before ordering an indictment to be drawn up against such party?

The foregoing questions can be answered in only one way, and that, relieving a grand juror so acting from every imputation of bias or partiality.

We see nothing of bias or prejudice in an opinion so formed. It is not a pre-judgment at all. The opinion is formed on evidence coming regularly before the grand jury in the discharge of its lawful functions, and does not indicate a state of mind, in reference to the case or the party indicted, which will prevent a grand juror from

acting impartially and without prejudice to the substantial rights of both parties.

We see no reason why this grand jury should not have indicted Northey on his own testimony as given before it. If it saw proper to call a witness (Woods), as was done in this case, before ordering the indictment, we see no reason why it could not do so. Such a course indicated no bias or prejudice on the part of the grand jury, or any member of it. In fact, Northey's case may be said to have been under consideration from the time that he gave his testimony in relation to Morrow until the indictment against him was found. The disqualifying state of mind referred to in the statute must have existed when the examination of Northey's case was commenced, when he was called before them as a witness, and it is not contended that any such state of mind existed at that time.

The fact that two of the grand jurors were in court when Morrow was on trial and heard Northey plead his constitutional privilege when he was there called as a witness, is of no significance. It does not appear to have had anything to do with their voting for Northey's indictment. The contention as to bias or prejudice of the grand jurors, or either of them, cannot be sustained. We fail to see that Northey suffered any prejudice as to any substantial right, or any right whatever.

The court committed no error in refusing a delay to procure the attendance of Hotaling. From the statement of counsel when he made the motion for delay, it appears that he expected to prove the same sort of prejudice, partiality, or bias, on the same facts as existed in regard to the other jurors, which we have held was no indication of bias or prejudice.

It is further argued that the indictment should be set aside because the name of a witness whose deposition was read to the grand jury was not inserted at the foot of the indictment, or indorsed thereon.

It appears that the notes of the short-hand reporter of Northey's testimony on Morrow's trial were read to the grand jury when considering the case against Northey, and it is said this was Northey's deposition, and that Northey's name should have appeared on the indictment in one of the modes above stated.

The testimony of Northey was given orally on Morrow's trial, and the short-hand notes of such testimony were not a deposition. (Code Civ. Proc., secs. 2004, 2005.)

"The object of requiring the names of the witnesses to be thus indorsed upon the indictment is twofold: first, to inform the party who are his accusers; and second, to inform the prosecutor who are the witnesses." (*People* v. *Freeland*, 6 Cal. 99.)

It would be useless to inform the party that he was himself an accuser. If it was material or important that he should be informed of it, he already had that information. As to his being informed of the names of those who had testified before the grand jury, and might be called to testify on his trial on behalf of the prosecution, this could only refer to such witnesses as could be called by the prosecutor, and could be compelled to testify, or at least to be sworn. It could not refer to the party indicted, who could not in any event be called for the prosecution.

We cannot see that the law required Northey's name in any view to be placed on the indictment in either of the modes above pointed out. It follows from the above that the court below properly refused to set aside the indictment.

We do not think that there should be a reversal on account of the remarks made by the judge of the court below as to the law, and that he thought " the prosecution in criminal cases was too much handicapped."

The court, in consequence, no doubt, of the importance attributed to these remarks by counsel for defend-

ant, and an apprehension on the part of counsel that they might have an effect on the eight jurors present in the jury-box when the remarks were made, prejudicial to his client, took occasion in delivering its charge to the jury to make to them the following observations: "You are the exclusive judges of all matters of fact, but must be guided by the law as laid down for you by the court, independently of any preconceived notions of your own or of anything that counsel may have said, and of anything that may have been said in your presence or hearing as to the propriety or policy of any provision which the law may have laid down for the conduct of criminal cases. During the examination of Mr. Kohler as to his qualifications to serve as a juror, some language was used by the court to which defendant's counsel took exception. I instruct you that it is your duty to ignore in your deliberations the remarks then made by the court, and that you must deal with the case on the law as it exists, and as the court states it to you, irrespective of your own opinion or any opinion the court might have as to the wisdom of the law."

We think that these observations to the jury, made to them by the court when giving them directions by which to guide their conduct in the consideration of the case, were sufficient to remove all apprehension that the remarks of the court, above referred to, would have any effect on their minds prejudicial to the defendant.

To hold otherwise would be to attribute to the jurors a lack of ordinary intelligence, and this we are bound to presume from their selection to try the cause they possessed.

To hold that the members of the jury in whose presence the remarks were made could not lay them aside as something irrelevant to the business they were charged with, and disregard them entirely in the discharge of their functions, would be irrational and incredible. If men of ordinary intellectual endowments are incapable

of such a mental operation, trial by jury may justly be regarded as a failure.

In view of all the circumstances, we see no ground justifying a reversal in this matter, the discussion of which here comes to an end.

The complaint and answer, and the minutes of the court in the case of *Florence N. Wright et al.* v. *Geary Street, P., & O. R. R. Co.*, were properly admitted in evidence to prove the allegations of the indictment in regard to that case, and the fact that the Woods who was named in the indictment as the person to whom a bribe was offered by defendant was a juror, and acted as such on the trial of the case.

If these documents were admissible in evidence, it was proper to read them to the jury.

Counsel for defendant contends that the complaint and answer were admissible only to show that there was an issue of fact pending in the case referred to for trial before a jury; that it was error to permit them to be read to the jury against his objection; and further, that, as the evidence was admitted for a special purpose, it was the duty of the court to have limited, by its instruction to the jury, the evidence to such special purpose, and that the failure to do so was error.

We have already disposed of the objection to reading the above papers to the jury. What portion of this evidence would or could have operated to the prejudice of defendant we cannot see, nor has counsel pointed it out. If there was anything of the character above referred to in the papers, not relevant to the issue joined herein, and which counsel apprehended might operate prejudicially to the defendant, he should have requested an instruction limiting the evidence, so as to restrict its scope to the purpose for which it was offered. Not having done so, he cannot here assail the failure of the court so to limit the evidence. That the court failed to instruct on such point is not error, conceding that such instruction should have been given if asked for.

We think it may be stated as a general rule in all cases that if the court in its charge has failed to direct the jury on any point, its failure to do so is not error; and if counsel desires an instruction to be given, proper in itself and which should be given, he should ask for it, and on his omission to ask for it the omission of the court to give it is not error. To entitle counsel to assail the action of the court for error under such circumstances, a proper instruction must have been requested by counsel, refused by the court, and an exception reserved by counsel to the ruling.

The defendant excepted to the ruling of the court, admitting Woods's testimony as to his conversation with Gamage. Woods stated that he had told Gamage what had occurred between him and Northey, as to the offer of Northey to pay him money to favor the defendant as a juror in rendering a verdict in the case of *Wright* v. *Geary Street, Park, and Ocean R. R. Co.*, and that Gamage had advised him to hear all there was to be said on the subject, and to seemingly acquiesce, because if he did not do so he might approach some other juror, and that in pursuance of such advice, he had answered Northey, on his third conversation with him, that it was all right.

The counsel for defendant had informed the court that he was going to contend that Woods was an accomplice with Northey. On this issue, collateral to the main one, the evidence was admitted by the court.

We think there was no error in this ruling. The testimony related to an occurrence which tended to illustrate the conduct of the witness Woods in his dealing with Northey, and was admissible on the issue above mentioned.

The admission of the written statement of Northey's evidence before the grand jury, which Northey admitted to George Flournoy to be substantially correct, was not error.

The objection here made, that it was not admissible

because it was not affirmatively shown by evidence to have been voluntary on the part of Northey, cannot be now urged. No such objection was ever made to it in the court below. The objection then made was, that it was irrelevant and immaterial, and not permissible under section 926 of the Penal Code. The objection now urged was made for the first time in this court, and cannot be considered.

When the admissions of Northey were made, he was in prison, detained there as a witness in the case of *People* v. *Morrow*, and this is urged as a ground why they were not admissible. This point does not seem to have been urged in the court below, and cannot be urged or considered here. Indeed, the fact of Northey's imprisonment related to the voluntary character of the admissions, and, as we have seen, no objection as to their voluntary character was made when the testimony was offered and admitted. The ruling on that point covers this.

Section 926 of the Penal Code, and the provisions therein contained, relate to a grand juror when called as a witness, and provides that a grand juror may be required by any court to disclose the testimony of a witness examined before the grand jury in the cases mentioned in the section. Granting that a grand juror can only be compelled to disclose the testimony of such witness in the cases mentioned in the section referred to, it will be observed that no grand juror was called here to make any disclosure whatever. The only witness called in relation to this matter was Flournoy.

It may be further remarked that it seems that the rule of secrecy set forth in the statute is intended only for the protection of grand jurors, and not of the witnesses before them, and that the witnesses cannot invoke it. (See *People* v. *Young*, 31 Cal. 564, 565.)

Stewart Menzies, foreman of the grand jury, testified: "Know Frank Northey. He was examined before the grand jury,—sworn and examined."

To the above testimony counsel for defendant made
no objection, and reserved no exception. He cannot
then assail it here as error. We may add that the evi-
dence was clearly admissible within the rule laid down
in *People* v. *Young, supra.*

The fact that a person was called, sworn, and exam-
ined as a witness before a grand jury does not come
within the rule of secrecy. If it did, it is violated when-
ever an indictment is returned with the names of the
witnesses indorsed on it or inserted at its foot. Publi-
city is thus given to the fact, and a publicity, too, that
is required by the statute.

We think the verdict is sustained by the evidence.
It would be an absurd refinement to hold that the de-
fendant did not offer to give a bribe to Woods. When
he conveyed Morrow's offer to Woods to bribe him, he
was offering himself to give a bribe. It was no less an
offer to give a bribe on his part because the money to be
paid was not to come from his pocket.

We find no error in the record.

Judgment and order affirmed.

Searls, C. J., McFarland, J., and Sharpstein, J., con-
curred.

Paterson, J., concurring.—I concur. I think, how-
ever, that the admission of Woods's testimony as to the
conversation he had held with Gamage was error. I
agree in saying that the error was not prejudicial, on
the grounds,—1. That no objection was made to it be-
cause incompetent; and 2. That it is of such a character
it did not tend, in my opinion, to prejudice the defend-
ant before the jury.

A petition for a rehearing in Bank having been filed
by the defendant, the following opinion was rendered
thereon on the 25th of January, 1889:—

BEATTY, C. J.—In his petition for a rehearing, appellant relies altogether upon points that were neither urged nor suggested in the argument upon which the case was submitted for decision; and the question is presented whether we are to be governed in criminal cases by the same rule that has uniformly obtained in civil cases, viz., that the court will not consider upon petition for rehearing any point waived, either expressly or tacitly, at the argument.

Comparatively few of the cases in which this rule has been applied are to be found reported, but we cite the following: *Grogan* v. *Ruckle*, 1 Cal. 197; *Atherton* v. *Supervisors*, 48 Cal. 160; *Dougherty* v. *Henarie*, 49 Cal. 686. It is even more emphatically true now than it was at the date of these decisions that the proper dispatch of the business of the court requires that cases should be fully argued before submission without reservation of other points to be used on petition for rehearing; and certainly the policy and necessity of the rule are as cogent in criminal as in civil cases. It is true that in cases involving life or liberty the court should apply with less strictness a rule merely designed to expedite the dispatch of business, and doubtless the court would, in a case of peculiar or real hardship, entirely dispense with it. But when, as in this case, counsel originally charged with the defense of the petitioner has ably presented all the rulings of the trial court affecting the verdict, and after the decision of these points other counsel petitions for a rehearing upon points purely technical, and relating merely to the form of the judgment, we see no reason for departing from a rule so essential to the disposition of the business of the court.

Rehearing denied.

PATERSON, J., McFARLAND,, J., WORKS, J., SHARPSTEIN, J., and THORNTON, J., concurred.