[Crim. No. 589. In Bank.—February 7, 1900.]

THE PEOPLE, Respondent, v. DAVID QUINN, Appellant.

CRIMINAL LAW—INDICTMENT—INDORSEMENT OF NAMES OF WITNESSES—
OBJECT OF REQUIREMENT.—The purpose of the requirement of the
law that the names of the witnesses examined by the grand
jury shall be indorsed upon the indictment, is to inform both
the people and the defendant of the names of the witnesses
upon whose testimony the indictment is based, and to give them
both an opportunity to secure their attendance at the trial.

ID.—USE OF SURNAME OF WITNESS—KNOWLEDGE OF DEFENDANT—HARM-
LESS IRREGULARITY.—An irregularity in indorsing the mere surname
of a witness upon the indictment, without giving his Christian
name, is harmless, if the defendant, immediately after the find-
ing of the indictment, knew the particular person so named
upon the indictment.

ID.—REQUESTED INSTRUCTIONS INCLUDED IN CHARGE.—When all matters
material and legally sound in instructions requested by the
defendant were given by the court in its charge to the jury, it
is not error to refuse such instructions.

APPEAL from a judgment of the Superior Court of Sacra-
mento County and from an order denying a new trial. Joseph
W. Hughes, Judge.

The facts are stated in the opinion of the court.

J. Charles Jones, for Appellant.

Tirey L. Ford, Attorney General, and A. A. Moore, Jr.,
Deputy Attorney General, for Respondent.

THE COURT.—Defendant appeals from a judgment of man-
slaughter and also from an order denying his motion for a new
trial. He insists that the names of the witnesses examined
by the grand jury were not indorsed upon the indictment, the
statute containing such a requirement. This contention rests
upon the fact that the name of a certain witness before the
grand jury, to wit, G. W. Ogden, is indorsed upon the indorse-
ment as —— Ogden. The purpose of the aforesaid require-
ment of the law is to inform both the people and the defend-
ant of the names of the witnesses upon whose testimony the
indictment is based, and thereby to give them both an oppor-

tunity to secure these witnesses at the trial. (*People v. Northey,* 77 Cal. 629.) In the case at bar there was a noncompliance with the statute, but the irregularity was harmless, as the defendant almost immediately after the finding of the indictment knew the particular person who was named as Ogden upon the indictment. (*People v. Crowey,* 56 Cal. 36.)

It is next claimed that the court committed error in refusing certain instructions offered by defendant. In this regard it is sufficient to say that all matters material and legally sound in the rejected instructions were given by the court in its charge to the jury.

For the foregoing reasons the judgment and order are affirmed.