[Criminal No. 177.   Filed March 30, 1905.]

[80 Pac. 348.]

## CHARLES DE LEON, Defendant and Appellant, v. TERRITORY OF ARIZONA, Plaintiff and Respondent.

1. CRIMINAL LAW—INDICTMENT—GRAND JURY—REV. STATS. ARIZ. 1901, PEN. CODE, SECS. 792, 862, 873, CITED AND CONSTRUED.—Section 873 of the Penal Code, *supra,* provides that a judgment sustaining a demurrer to an indictment shall bar another prosecution, unless the court directs the case to be submitted to the same or another grand jury.   Section 792, *supra,* makes the existence of bias and prejudice on the part of a grand juror grounds of challenge. Another section authorizes the interposition of a challenge to the panel of the grand jury after it has been drawn and has appeared, and at the time of the examination of the jurors as to their qualifications.   Subdivision 4 of section 862, *supra,* provides that an indictment may be set aside, upon motion, when defendant has not been held to answer before the finding of the indictment, on any ground which would have been good ground for challenge either to the panel or to an individual grand juror.   *Held,* that defendant, against whom a second indictment has been returned under section 873, *supra,* by the same grand jury that had returned a former indictment, is not entitled to a dismissal of such indictment under section 862, *supra,* because he has had no opportunity to challenge the grand jury for bias under section 792, *supra,* arising out of their former consideration of his offense, as no such right of challenge exists.

2. EMBEZZLEMENT—EVIDENCE — INDICTMENT — REV. STATS. ARIZ. 1901, PEN. CODE, SEC. 460, CONSTRUED.—Under section 460, *supra,* declaring every person intrusted with property for the use of another, who fraudulently appropriates it to any purpose not in the due execution of his trust, guilty of embezzlement, an indictment for embezzlement need only allege, and the evidence need only show, that defendant was intrusted with the property for the use of another, and fraudulently appropriated it to some purpose not in the due execution of his trust, and it is unnecessary to allege or show the particular use or purpose for which the money was intrusted to defendant.

3. SAME—SAME—ADMISSIBILITY.—When an indictment charged the embezzlement of money deposited in bank under an arrangement by which defendant was entitled to draw the same by check, the check by which defendant drew the money which he embezzled was admissible in evidence.

4. CRIMINAL LAW—EVIDENCE—PRIVILEGED COMMUNICATION—SECONDARY EVIDENCE.—The contents of a letter written by defendant while

IX Ariz.—11

in jail, to his wife, under a rule of which he had knowledge, that it would be opened and examined by the jailer, is not a privileged communication; and although the wife will not be permitted to testify thereto, and cannot be compelled to produce the letter, yet the sheriff, who read the letter, may testify to its contents after the necessary foundation is laid. The fact that the letter could not be secured from the wife, nor the wife be permitted to offer it in evidence, authorized the establishment of its contents by secondary evidence.

5. CRIMINAL LAW—EMBEZZLEMENT—PERFECTION OF TRUST.—The mere placing of money in bank, subject to defendant's order, to be used for certain purposes, does not perfect in defendant a trust, within the meaning of the law of embezzlement, but such trust is complete only when he draws the money from the bank pursuant to his authority.

6. SAME—SAME—EVIDENCE—HELD SUFFICIENT.—*Held,* that the evidence was sufficient to sustain a conviction of embezzlement by defendant of money belonging to his wife and deposited in bank subject to his order.

APPEAL from a judgment of the District Court of the Fourth Judicial District in and for the County of Yavapai. Richard E. Sloan, Judge. Affirmed.

The facts are stated in the opinion.

Henry T. Andrews, Joseph E. Morrison, and Samuel L. Pattee, for Appellant.

The demurrer to the first indictment, which was sustained by the court, going to the merits, the resubmission not being merely formal, the defendant having no right to challenge after the first submission of the case, and having in apt time made his motion to set aside the indictment because of the disqualification of the grand jurors, and they being disqualified as a matter of law, under the following authorities, it was error to deny the motion. *Terrill* v. *Superior Court,* (Cal.) 60 Pac. 38; *People* v. *Hanstead,* 135 Cal. 149, 67 Pac. 763.

E. W. Wells, Attorney-General, for Respondent.

DOAN, J.—The appellant in this case, Charles De Leon, was indicted on November 10, 1903, by the grand jury of

Yavapai County, for the crime of embezzlement. On the eleventh day of November, 1903, a demurrer to this indictment was sustained by the district court, and the case ordered resubmitted to the same grand jury, which was still in session. On the following day, November 12, 1903, the said grand jury returned a second indictment against the defendant, charging him with the same offense. Upon arraignment under the second indictment, the defendant moved to set aside the indictment upon the ground, among others, that "at the time of finding said indictment a state of mind existed upon the part of each and every one of the grand jurors by whom the said indictment was found, in reference to the case and to the above-named defendant, by reason whereof each and all of said grand jurors could not give a verdict impartially and without prejudice to the substantial rights of the defendant," and upon the further ground that "on the 10th day of November, 1903, an indictment had been returned and found by the same grand jurors who found and returned the indictment herein moved to be set aside, purporting to charge the defendant with the same offense, and upon arraignment the defendant's demurrer to said indictment was sustained, and the case ordered resubmitted to the same grand jury. And thereupon the same was so resubmitted, and on the 12th day of November, 1903, the indictment herein moved to be set aside was found and returned by the said jury, charging the same offense as that attempted to be charged in the said former indictment. That each and every one of the grand jurors who heard said evidence offered upon said resubmission, and found and returned said last indictment, were members of the grand jury who heard the testimony, and found and returned said first indictment. . . . And that prior to said resubmission each and every one of said grand jurors had formed or expressed an unqualified opinion that an indictment should be found and returned against said defendant upon said charge, and that prior to the said resubmission this defendant had had no opportunity, and no right was given to him by law, to challenge the grand jury or any member thereof." The motion to dismiss was overruled by the court, and, upon the overruling of a demurrer to the indictment, the defendant pleaded not guilty, and the case was tried to a jury.

The evidence at the trial tended to show that the defendant and one Mrs. Edith Brown were married March 24, 1903; that prior to her marriage to the defendant the collection of some money due Mrs. Brown (now Mrs. De Leon) had been intrusted to the Branch Bank of Arizona, at Jerome; that on March 27th Mr. De Leon, the defendant, deposited to his own credit one hundred dollars, and that afterwards, upon the collection of part of the money aforesaid, Mr. and Mrs. De Leon went to the bank on April 6, 1903, and placed in the bank four hundred dollars thus collected, and the one, hundred dollars that had been deposited by De Leon, to the credit of Mrs. or Charles De Leon, under an arrangement that either Mr. or Mrs. De Leon could draw checks against the account without the consent of the other, and such checks would be honored by the bank. The balance of the money, amounting to $310.12, was on May 18, 1903, deposited in the bank under the same arrangement. Prior to May 25, 1903, some small checks were drawn by Mr. De Leon on this account, and paid by the bank. On May 25, 1903, Mr. De Leon presented to the bank a check drawn by him for five hundred and fifty dollars, payable to himself, for which he received a cashier's check for that sum, payable to the Bank of Arizona, at Prescott, Arizona. This cashier's check was indorsed by Mr. De Leon, and subsequently paid by the bank upon which it was drawn. Some time during May or June, 1903, Mr. De Leon was arrested, upon the charge of which he was subsequently convicted, by the sheriff of Yavapai County, at Santa Barbara, California, and brought to Yavapai County for trial. At the time of his arrest he said to the sheriff that he took the money, and was sorry for it; that he was drunk at the time, and didn't know what he was doing. At the trial the prosecution sought to introduce a letter alleged to have been written by the defendant, while in jail, to his wife; and the sheriff was permitted to testify, over the objection and exception of the defendant, that the signature of the letter was in the same handwriting as the indorsement of the cashier's check. It was also shown that the letter had been mailed to Mrs. De Leon, and it was not produced at the trial. The sheriff testified from his recollection as to the appearance of the signature. The sheriff also stated, over the objection of the

defendant, his recollection of the contents of the letter, which was to the effect that the defendant knew that he did wrong in taking Mrs. De Leon's money, and offering, if she would stop the prosecution, to pay it back.

At the close of the testimony for the territory, the defendant moved the court to instruct the jury to return a verdict of not guilty, on the ground of the insufficiency of the evidence to sustain the charge made in the indictment. This motion was denied, and, the defendant offering no evidence, the case was submitted to the jury, after instructions from the court, and the jury returned a verdict of guilty. The defendant, after verdict, moved for a new trial, which was denied, moved in arrest of judgment, which was also denied, and he was thereupon sentenced to imprisonment in the territorial prison for two years. From the judgment of imprisonment, and the denial of the motion for a new trial, the defendant has appealed.

The eighteen assignments of error contained in appellant's brief may be grouped under five different heads. The first, second, and third assignments present the correctness of the ruling of the trial court in overruling the defendant's motion to set aside the indictment filed November 12th, on the ground of the disqualification of the grand jury that returned an indictment for this offense against the defendant on the 10th to again consider the same charge against the same defendant and return a second indictment on November 12th, after the first indictment had been declared insufficient by the court to properly charge the offense attempted to be charged therein. Subdivision 4 of section 862 of our Penal Code provides that "the indictment may be set aside by the court upon motion when the defendant has not been held to answer before the finding of the indictment, on any ground which would have been good ground for challenge either to the panel or to any individual grand juror." Section 792 of the Penal Code gives as one of the grounds for challenge to an individual grand juror that "a state of mind exists on his part in regard to the facts of the case or to either party, which satisfies the court in the exercise of a sound discretion, that he cannot act impartially and without prejudice to the substantial rights of the party challenging." The appellant bases his assignments of error on

the provisions of these two paragraphs, and claims inasmuch as he had not had an opportunity for challenging the grand jury after they had passed upon the first indictment, as provided by section 792, he was entitled to his motion to dismiss under the provisions of section 862. Our Penal Code provides that a challenge to the panel of a grand jury may be interposed by a person held to answer to a charge for a public offense, after the grand jury has been drawn and has appeared, and at the time of their examination touching their qualifications to serve as such jurors. It is provided that these challenges are made after the jurors have been sworn upon their *voir dire,* and before they are formally sworn as jurors. In this instance the appellant had been held to answer for the offense, was present in court at the impanelment of the grand jury, and the presumption of the law is that he exercised his right of challenge to the grand jurors when they were sworn and impaneled. He would not, therefore, come under the provisions of section 862, relative to the motion to dismiss on the ground above quoted. The right of challenge and the manner of the exercise of that right are provided by statute, and no greater right is conferred upon a party defendant than as provided by the statute.

Section 873 of the Penal Code provides that "if the demurrer be allowed, the judgment shall be final upon the indictment demurred to, and shall be a bar to another prosecution of the offense unless the court being of opinion that the objection upon which the demurrer is allowed may be avoided in a new indictment, direct the case to be so submitted to the same or another grand jury." This provision of the Penal Code that the case may be resubmitted to the same grand jury certainly authorizes the grand jury to consider the case and return an indictment thereon. The Penal Code having conferred no right upon a defendant to challenge the grand jurors at any time after they have once acted upon an indictment, no such right exists in this jurisdiction. The authorities cited and the argument offered by the appellant in his brief do not impress us as raising any serious question as to the right of a grand jury, under our code, to find a second indictment on a case that has been resubmitted to them after a demurrer has been sustained

to a former indictment theretofore returned by them, which upon examination is found to imperfectly or insufficiently set forth the offense with which they have attempted to charge a party defendant.

The fourth, fifth,. sixth, and eighteenth assignments of error present the question of the sufficiency of the second indictment found against the defendant. The charging part of the indictment alleges that "the said Charles De Leon being then and there intrusted by one Mrs. Edith De Leon with a certain sum of money, . . . being the separate property of Mrs. Edith De Leon, and intrusted to the defendant as aforesaid for the use of her, the said Mrs. Edith De Leon, and the said defendant then and there having the said sum of money in his possession by virtue of said trust, . . . he, the said Charles De Leon, did then and there feloniously, unlawfully, and fraudulently embezzle the said sum of money, and appropriate the same to his own use, and to a use and purpose not in the due and lawful execution of his trust." The demurrer to this indictment was based upon the ground, among others, that the facts stated in said indictment do not constitute a: public offense, and it is on this ground that the assignments of error rely. It is urged in the brief that this indictment, as above quoted, wholly fails to state the purpose for which the money was intrusted to the defendant, and is fatally defective therein, and the demurrer should have been sustained. This offense is purely statutory, and is defined in section 460 of the Penal Code: "Every broker, agent or person otherwise intrusted with, or having in his control, property for the use of another party who fraudulently appropriates it to any use or purpose not in the due or lawful execution of his trust . . . is guilty of embezzlement." Under the provisions of that section, whenever the indictment charges and the evidence on the trial establishes the two facts,—1. That the person has been intrusted with the property in question for the use of another person; and 2. That he has fraudulently appropriated it to some use and purpose not in the due and lawful execution of such trust, —these are unquestionably sufficient to establish the offense, even though the prosecution might not know, or might not be able to establish by competent evidence, the particular use or purpose in behalf of such other person for which said

money had been intrusted. It is frequently the case that money or property is intrusted to a person generally for the use and benefit of another person, without any particular use or purpose being in mind at the time the property is intrusted to the agent or person who afterwards embezzles it. To adopt the argument of the appellant in the case at bar would render it impossible to convict an embezzler who might appropriate to his own use trust funds in every such instance, and minimize the beneficial effect of this statute by confining its operations to those cases only in which the money had been intrusted to him for some specific purpose, and that specific purpose be susceptible of proof.

The seventh assignment of error is based upon the admission in evidence of the check (Exhibit B) upon the ground that the same was immaterial and irrrelevant, and was a departure from the allegations of the indictment. The indictment informed the defendant that he was charged with embezzling a certain amount of money, and it is therefore contended that the admission in evidence of the check was error on the part of the court, as he was not tried for drawing out of a bank money that had been therein deposited. The indictment was for embezzlement, which was based upon the ground that the party obtained the money or property, with the embezzlement of which he is charged, in a lawful manner. If the original taking was felonious, the offense would be larceny. The introduction of the check to which objection has been made was perfectly proper, as being one of a chain of circumstances following after the establishment of the arrangement made with the bank, to show that the defendant came into the possession of the money in a manner that was authorized, and was as relative and material to this case as would have been the sack in which stolen money was carried off, or the saddle and bridle with which a horse had been ridden off by the defendant on his prosecution for larceny.

The eighth assignment of error is based on the admission in evidence of the testimony of Roberts, the sheriff, to the identity of the signature of the defendant to a letter written by the defendant to his wife while in jail; and the ninth and fourteenth assignments of error are based upon the admission in evidence of the testimony of the same witness (Rob-

erts) as to the contents of the letter. The testimony in the record is sufficient to sustain the ruling of the court as to the competency of Roberts to testify as an expert to the identity of the handwriting. The objections to the proof of the contents of the letter were made upon the ground that the letter itself was a confidential communication between husband and wife, and that there was no sufficient foundation laid for the introduction of secondary evidence as to the contents, even if it had been admissible in evidence itself if offered. The admissibility of the evidence was very tersely and aptly stated by the learned judge of the trial court, who said: "It is not the communication itself that is sacred. It is the relation of confidence that is sacred. No requirement that violates that confidence is proper." But in the present case the defendant wrote this letter while in jail, under a rule that required that his letter should be opened and examined by the jailer. He wrote only what he had voluntarily stated to the sheriff and others before, and, writing it thus under circumstances that fully advised him that it would be subject to the scrutiny and perusal of others than his wife, he cannot now be heard to claim that it was a privileged and sacred communication between husband and wife, that could not be used against him. It is true that the wife would not be permitted to testify of it. It is likewise true that she could not be compelled to produce the letter. The weight of authority would be in support of the proposition that she would not be permitted to voluntarily offer the letter in evidence, or to those who might place it in evidence. But there is no law relative to privileged communications that would prevent those persons to whom the letter was voluntarily exposed by the writer from testifying as to the information thus voluntarily given them by him as to the contents of the letter, simply because that letter was addressed to his wife. And the fact that the letter could not be secured from the wife, nor the wife be compelled or permitted to offer it in evidence, authorized the establishment of its contents by secondary evidence.

The eleventh assignment of error is based upon the following instruction given by the court: "The placing of money in a bank, to be drawn upon by another, is not, in legal effect, the intrusting of money to that person; but, if one has

placed money in a bank, to be drawn by the other, the money so drawn by the other is money, in legal effect, intrusted to him or given to him." It is urged in support of this contention that conceding that the depositing of money in the bank, to be drawn upon by another, is not an intrusting of money to that person, the allegations of the indictment that Mrs. De Leon intrusted the money to the defendant are entirely without support in the proof. If this were true, there would be something in the point as presented by appellant. The record, however, discloses proof—1. That the money was deposited under the arrangement that it might be checked out by Mrs. De Leon or the defendant; 2. That under that arrangement the defendant did check out the money; and 3. That after he had checked out the money he left the country with it, without having devoted it to the use or benefit of Mrs. De Leon, and directly thereafter was arrested in the state of California, when he admitted having taken the money and decamped with it, expressing contrition for the offense, and excusing himself by claiming that he was drunk when he did it. The application of this instruction to the evidence in the case is very pertinent, and should be apparent to any one upon examination. That the deposit of the money in the bank to be drawn upon by another is not, in legal effect, the intrusting of money to that person, unless it is proven that it has been so drawn upon by the other, is on a parity with the statement that a person that sends a package of money by a messenger to another imposes upon that other no responsibility for either the safe-keeping or the proper use of such money, unless the money is delivered to such person by the messenger, and is received by him from such messenger. It is then, and then only, that responsibility attaches. And in this case the intrusting of the money to the defendant was not perfected when the money was placed in the bank subject to his order, but was only so perfected when, in pursuance to the arrangement, he drew the money from the bank as he had been authorized to do, and when he did that the trust in him was perfected.

The tenth, twelfth, thirteenth, sixteenth, and seventeenth assignments of error present the question of the sufficiency of the evidence to support the conviction. The allegations

of the indictment were that this money, being the separate property of Mrs. De Leon, was intrusted to the defendant for her use, and that he, having the money in his possession by virtue of said trust, feloniously and fraudulently embezzled the said sum of money, and appropriated the same to his own use, and to a use and purpose not in the due and lawful execution of said trust. The jury have found by their verdict that the ownership of the money in the complaining witness, the rightful possession of the defendant, the establishment of the trust, and the fraudulent appropriation have all been proven to their satisfaction beyond a reasonable doubt, and an examination of the record discloses sufficient evidence in support of each of these essential features to sustain that verdict, and we will therefore not disturb it in this court.

The judgment of the lower court is therefore affirmed.

KENT, C. J., and DAVIS, J., concur.