WOODDELL v. TERRITORY OF ARIZONA.

(Circuit Court of Appeals, Ninth Circuit. May 15, 1911.)

No. 1,896.

1. EMBEZZLEMENT (§ 32*)—STATUTES—INDICTMENT.

Pen. Code Ariz. 1901, § 460, declares that every broker, agent, or person otherwise intrusted with or having in his control property for the use of another, who fraudulently appropriates it to his own use not in the due or lawful execution of his trust, is guilty of embezzlement. *Held*, that an indictment alleging that defendant was intrusted with property for the use of complainant, and that he fraudulently appropriated it to a purpose not in the due execution of his trust, was sufficient without alleging the use or purpose for which the money was intrusted to him.

[Ed. Note.—For other cases, see Embezzlement, Cent. Dig. §§ 47–50; Dec. Dig. § 32.*]

2. EMBEZZLEMENT (§ 38*)—PROPERTY OF ACCUSED.

In a prosecution for embezzlement of money claimed to have been delivered to accused to invest for prosecutrix, and which he claimed had been loaned to him, evidence that accused had property and money at the time of the alleged embezzlement was inadmissible.

[Ed. Note.—For other cases, see Embezzlement, Cent. Dig. § 61; Dec. Dig. § 38.*]

3. CRIMINAL LAW (§ 1059*)—APPEAL—EXCEPTIONS—SCOPE.

An exception to the exclusion of evidence is insufficient to preserve an objection to the remarks of the court in ruling on the objection.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2671; Dec. Dig. § 1059.*]

4. EMBEZZLEMENT (§ 44*)—EVIDENCE.

Where, in a prosecution for embezzlement of money alleged to have been delivered to accused to loan out on security, complainant testified that she had confidence in accused and delivered the money for investment, her testimony was not rendered so incredible as to be insufficient to support a conviction because she did not claim to have given any instructions as to the investment and made no inquiry as to how or for what length of time or with whom the investment was to be made, etc.

[Ed. Note.—For other cases, see Embezzlement, Cent. Dig. §§ 67–70; Dec. Dig. § 44.*]

In Error to the Supreme Court of the Territory of Arizona.

R. D. Wooddell was convicted of embezzlement, and he brings error. Affirmed.

The plaintiff in error was convicted of the crime of embezzlement under an indictment which charges that on or about March 1, 1909, in the county of Pima, territory of Arizona, "being then and there intrusted by one Anna Duncan with a certain sum of money, to wit, $1,000, lawful money of the United States of America, and intrusted to the said R. D. Wooddell as aforesaid for the use of her, the said Anna Duncan, and the said R. D. Wooddell then and there, and on or about the 20th day of September, 1909, having the said sum of money in his possession by virtue of his said trust, he, the said R. D. Wooddell, did then and there feloniously, unlawfully, and fraudulently embezzle the said sum of money and appropriate the same to his own use and to a use and purpose not in the due and lawful execution of his said trust." An appeal was taken from this judgment of conviction to the Supreme Court of the territory of Arizona, and that court, being equally divided as to the reversal of the judgment in the case, affirmed the judgment

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

without filing an opinion. To review that judgment the present writ of error is sued out.

A. A. Worsley and Josiah Ide, for plaintiff in error.

John B. Wright and W. J. Galbraith, for the Territory.

Before GILBERT and MORROW, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge (after stating the facts as above). [1] It is assigned as error that the Supreme Court of Arizona affirmed the decision of the trial court in overruling a demurrer which was interposed to the indictment because of uncertainty and indefiniteness, and it is urged that the demurrer should have been sustained for the reason that the indictment does not define any trust nor set out any facts constituting the trust. The indictment is brought under section 460 of the Penal Code of Arizona of 1901, which provides:

"Every broker, agent or person otherwise intrusted with or having in his control property for the use of another party who fraudulently appropriates it to any use or purpose not in the due or lawful execution of his trust * * * is guilty of embezzlement."

In De Leon v. Territory, 9 Ariz. 161, 80 Pac. 348, the Supreme Court of Arizona, upon an indictment which was drawn in the language which is used in the indictment in the case at bar, held that the indictment for embezzlement need only allege, and the evidence need only show, that the defendant was intrusted with property for the use of another, and that he fraudulently appropriated it to some purpose not in the due execution of his trust, and that it was unnecessary to allege or show the particular use or purpose for which the money was intrusted to the defendant. That decision is conclusive of the contention which the plaintiff in error here makes.

[2] The plaintiff in error testified to a proposition which he made shortly before he was indicted to turn over to the prosecuting witness and to a Mrs. McFadden, who also had intrusted a considerable sum of money to him, certain property which he had, in settlement of, or as security for, their demands. To his testimony as to the value of some of the items of that property, objection was made, and the court ruled that the evidence was immaterial, and said:

"It is only a question of whether he got this money to invest from this woman, and used it for his own purposes. If he borrowed the money and spent it, he is not guilty of embezzlement. That is the sole question. So what property he had there does not make any difference."

The evidence was offered as tending to rebut the imputation of fraud. It has been held that the fact that the defendant is financially embarrassed, that he is in straitened circumstances, and owes money, may be shown by the prosecution in embezzlement cases as tending in some degree to show a motive for the embezzlement. Govatos v. State, 116 Ga. 592, 42 S. E. 708; Bridges v. State, 103 Ga. 21, 29 S. E. 859; Bulloch v. State, 10 Ga. 47, 54 Am. Dec. 369; United States v. Camp, 2 Idaho (Hasb.) 231, 10 Pac. 226. But it has also been held that the defendant in an embezzlement case may not intro-

duce evidence to show that he had property or money at the time of
the alleged embezzlement.   State v. Foster, 1 Pennewill (Del.) 40 Atl.
939; Commonwealth v. King, 35 Pa. Super. Ct. 454.   It is conceiva-
ble that the evidence in an embezzlement case may be such as to jus-
tify the court in admitting testimony offered on behalf of the accused
to show that he was in the possession of property at the time of the
alleged embezzlement, as tending to show the absence of intention
to defraud, where the question of his intent to convert to his own use
the property which he is accused of embezzling is one upon which his
guilt or innocence may depend.   But such is not the case here.   The
prosecuting witness, who was at Tucson, seeking recovery from tuber-
culosis, testified that she became acquainted with the plaintiff in error;
that at his instance she withdrew her money from a trust company in
Denver, where it was earning interest at 4 per cent. per annum, upon
his representation that he could invest it for her at a higher rate of
interest; and that she intrusted it to him for that purpose.   The
plaintiff in error testified that, without any request or suggestion from
him, she drew her money from the trust company and loaned it to
him, and that he did not undertake to and did not invest the money
for her, but that he used it for his own purposes, and that, when she
demanded its repayment, he was unable to pay the same.   Here was
a clearly defined issue, and the jury evidently found the facts to be as
testified by the prosecuting witness.   The question was:   Was the
money intrusted to the plaintiff in error to invest for the prosecuting
witness, or was it loaned to him?   The plaintiff in error, upon his
own admission, appropriated the money, and converted it to his own
use.   He admitted that his intention was to use the money as he did.
His intent, therefore, was not a question at issue before the jury.
How could it have aided the jury in determining the real question in
issue, which was whether the money was intrusted to the plaintiff in
error to invest, or was loaned to him, to introduce evidence that, some
two years after he had spent the money, he was in the possession of
sufficient property to reimburse the plaintiff in error and Mrs. McFad-
den?   In view of the issues and the evidence, we find no error in the
judgment of the court below affirming the ruling of the trial court in
excluding such testimony.

[3] It is contended that the judgment should have been reversed
for the error of the trial court in using the language quoted in the
discussion of the last assignment of error, and which it is said errone-
ously stated the law.   But the exception which was taken, as it ap-
pears in the record, was taken only to the ruling of the court in ex-
cluding the evidence, and no objection was made to the remarks of
the court.   In view of that fact, and the fact that the court in instruct-
ing the jury properly charged them upon the law of the case, we find
no error in the refusal of the Supreme Court of Arizona to reverse
the judgment on that ground.

It is assigned as error that the Supreme Court of Arizona did not
find that the trial court erred in instructing the jury.   The assignment
does not inform us of the nature of the error in the instructions which
are complained of, nor does it appear from the transcript that any ex-

ception whatever was taken to the charge or to any portion thereof. On examination of the instructions, we find no error therein. The court properly instructed the jury upon all the issues in the case, and, among other instructions, charged that, if they found that the money was loaned to the plaintiff in error by the prosecuting witness, he was not guilty of embezzlement; that if, on the other hand, they found that the money was intrusted to him by her for the purpose of investing it for her benefit, and that he appropriated it to his own use, and spent it for his own purposes fraudulently, he was guilty of embezzlement; and that it was for them to determine whether a fiduciary relation existed between the prosecuting witness and the plaintiff in error.

[4] Counsel for the plaintiff in error argue at some length that the judgment should have been reversed because the verdict of the jury was contrary to the law and the evidence in the case. The principal argument advanced is that the testimony of the complaining witness was to the effect that she gave the plaintiff in error the money to invest, but that nothing was said as to how it should be invested, or for how long a time, or to whom, or on what kind of securities, and that she never asked him how or where the money was loaned, and it is said that from the fact that she received interest thereon from the day when the plaintiff in error received the money, at 10 per cent. on the whole amount, she must have known that he was using the money and paying the interest himself. But this conclusion does not follow. The prosecuting witness testified positively and directly that she intrusted the money to the plaintiff in error to invest for her, and that she supposed he had invested it upon security. Her testimony is not made incredible by the fact that she gave no instructions and made no inquiry as to how, or for what length of time, or with whom the investment was made; nor did her omission to give instructions or to make such inquiries deprive the transaction of its fiduciary character. She testified that she had confidence in the plaintiff in error, and that when she had occasion to demand the repayment of her money, and he answered that he was unable to pay it upon a short notice, she demanded of him that he realize upon the securities he had taken, and that he did not then, or at any time, tell her that he had used the money, but that he informed her that he had loaned the money upon securities which would not be accepted by a bank, and upon which he could not realize immediately. Considering all the evidence as it appears in the record, an appellate court would not be justified in holding that the verdict is contrary thereto.

The judgment is affirmed.