---

[No. 1130.]

# EX PARTE J. H. JOB.

INDICTMENT FOR FELONY—DEMURRER—RESUBMISSION OF CASE—FAILURE OF GRAND JURY TO INDICT, NOT A BAR TO FURTHER PROSECUTION.—The district court sustained a demurrer to an indictment for felony against petitioner, and, being of opinion that the objection could be avoided in a new indictment, ordered the case submitted "to the same or another grand jury." The grand jury then in session and a second and third grand jury failed to indict petitioner. A fourth grand jury found an indictment: *Held*, upon a review of the statutory provisions, that the failure of the respective grand juries to find an indictment was not a bar to further prosecution.

IDEM—ORDER OF RESUBMISSION NOT VOID FOR UNCERTAINTY.—*Held*, that the order resubmitting the case "to the same or another grand jury," was not void for uncertainty.

APPLICATION for writ of habeas corpus.

The facts appear in the opinion.

*C. S. Varian*, for Petitioner:

1. The sections of the criminal practice act, upon which petitioner relies, when read together (1 Comp. L., secs. 1904, 1906, 1914, 1916), create a clear limitation upon the powers of the grand jury. Taken as a whole these provisions amount to a grant of power. This statute prohibits any but the same or next grand jury from finding a bill, and unless the same or next grand jury does find a bill, makes the judgment or demurrer to the first indictment a bar.

II. If the grand jury exceeded its powers, it acted without·
jurisdiction, and the result of its action is to make the indict-
ment void.

III. To prevent the judgment or demurrer being a bar, an
order of resubmission must be made. (1 Comp. L. 1914.)
Unless a new indictment is found before the discharge of the
next grand jury of the district, the case must be dismissed.
(1 Comp. L. 1906, 1904.) One provision of the statute is as
controlling as the other. If no order of submission has been
made in the first instance, the grand jury would have had no
jurisdiction. This order should be certain. (4 Cal. 195.)
Similar questions have been considered on habeas corpus.
(42 Cal. 199; 52 Cal. 464; 11 Nev. 293.)

*M. A. Murphy*, Attorney-General, for the State :

I. The order of the court in resubmitting the cause, being
in the language of the statute, was sufficiently definite and
certain. (*People* v. *Briggs*, 60 How. Pr. 42; *Weston* v.
*State*, 63 Ala. 156.)

II. There is no limit under the provisions of the statute to
the power of the court to resubmit a case to successive grand
juries.

By the Court, BELKNAP, J. :

A demurrer to an indictment against the petitioner for a
felony was sustained, and the district court being of opinion
that the objection upon which the demurrer was allowed could
be avoided in a new indictment, directed the charge to be
resubmitted to the same or another grand jury.

The grand jury in session at the time the charge was resub-
mitted, as well as its successor, failed to indict the petitioner.
A third grand jury did likewise, and a fourth presented the
indictment under which he is now held.

In behalf of the petitioner it is contended that the failure
to indict on the part of the grand jury impaneled next after
the one in session at the time the charge was resubmitted
operated as a bar to a further prosecution.

The contention is based upon sections 1904–6 and 1914 and

1916 of the criminal practice act, which are construed in behalf of the petitioner as limiting the power of grand juries to present indictments in case of resubmission to the same or the next grand jury.

These sections are as follows: Section 1914 (sec. 290): "If the demurrer be allowed, the judgment shall be final upon the indictment demurred to, and shall be a bar to another prosecution of the same offense, unless the court, being of opinion that the objection on which the demurrer is allowed may be avoided in a new indictment, direct the case to be resubmitted to the same or another grand jury."

Section 1916 (sec. 292): "If the court direct that the case be resubmitted anew, the same proceedings must be had thereon, as are prescribed in sections 281 and 282."

Section 1905 (sec. 281): "If the court direct that the case be resubmitted, the defendant, if already in custody, shall so remain, unless he be admitted to bail, or, if already admitted to bail, or money have been deposited instead thereof, the bail or money shall be answerable for the appearance of the defendant to answer a new indictment."

Section 1906 (sec. 282): "Unless a new indictment be found before the next grand jury of the district is discharged, the court shall, in the discharge of such grand jury, make the order prescribed in section 280."

Section 1904 (sec. 280): "If the motion be granted the court shall order that the defendant, if in custody, be discharged therefrom; or, if admitted to bail, that his bail be exonerated; or, if he have deposited money instead of bail, that the same shall be refunded to him, unless it direct that the cause be resubmitted to the same or another grand jury."

There is nothing in the express language of the sections above set forth imposing any restrictions upon the power of the court to resubmit charges to grand juries. The indefinite language used by the legislature in authorizing courts to employ the power, and contained in section 1914, may warrant the implication that the power may be employed at the court's discretion. Construction of the language is, however, unnecessary, since the statute itself at section 1852 declares that the dismissal of a charge shall not prevent the same from

being again submitted to a grand jury, or as often as the court shall so direct.

The only limitation upon the power is contained in section 2206, where it is made the duty of the court, at the close of the term, to dismiss a defendant against whom an indictment has been ignored, "unless good cause to the contrary be shown." Both of the sections last referred to relate to defendants who have been held to answer charges of a criminal nature, and neither section in terms refers to cases in which demurrers have been sustained and the charge resubmitted. No reason, however, exists for any distinction in this regard between a defendant awaiting the action of a grand jury because no indictment has been presented against him, and one awaiting such action because his indictment has been held obnoxious to demurrer. Each is, in fact, a defendant held to answer.

The object of the provision in sections 1904 and 1906, relative to the discharge of the prisoner and dismissal of the action in case no indictment shall have been returned by the next grand jury, is to secure a speedy prosecution and prevent unnecessary and indefinite detention of the prisoner. Such dismissal is not intended as a bar to a further prosecution of the same offense, as may be shown by reference to section 2212 of the same act. This section is as follows: "An order for the dismissal of the action, as provided in this act, shall be a bar to another prosecution for the same offense, if it be a misdemeanor, but it shall not be a bar, if the offense charged be a felony." The other matter to be considered arises upon the order made by the court in resubmitting the case.

This order recites the fact that the court was of opinion that the objection upon which the demurrer was allowed could be avoided in a new indictment, and that, therefore, he directed the charge to be resubmitted "to the same or another grand jury."

The order, it is claimed, is void for uncertainty.

The statute (sec. 1818, Comp. L.) makes it obligatory upon district courts upon the impaneling of grand juries to charge them as to the nature of their duties, and to draw their attention to any charges for public offenses returned to the court, or

likely to come before them. It was, therefore, the duty of the court, in charging the next grand jury, to have directed their attention to the petitioner's case. The record does not affirmatively show that this was done, but since it was embraced within the court's duties, we must, in the absence of a showing to the contrary, presume that the court gave the charge required by law. If, therefore, the order of resubmission, as primarily entered, was uncertain, it could have been made certain, and must be presumed to have been so made by the subsequent direction of the court.

It is ordered that the prisoner be remanded.

HAWLEY, J., concurring:

I am of opinion that the order of the court resubmitting the case "to the same or another grand jury," is sufficiently definite and certain. If the same grand jury could act, it was, by the terms of the order, authorized to do so; but, if, from any cause, it failed to act, then the case stood submitted to the next grand jury. This, it seems to me, is the real meaning and intent of the order made by the court. It may be admitted that the order is not as explicit as it might have been made; but the provisions of the statute were substantially complied with. The case was resubmitted and, hence, the statute does not operate as a bar "to another prosecution of the same offense. (Cr. Pr. Act., sec. 290; 1 Comp. L. 1914.)

I agree with the views expressed by Mr. Justice Belknap upon the other branch of the case, and concur in the judgment remanding petitioner.

LEONARD, C. J.:

I concur.