[Fields, Alias, Etc. v. The State.]

# Fields, Alias, Etc. *v.* The State.

*Indictment for Obtaininy Goods under False Pretense.*

1. *When functions of grand jury end.*—The functions and powers of a grand jury are ended as to a particular bill of indictment when it is returned into open court as provided by law.

2. *Evidence that grand jury has reconsiderd a bill immaterial.*— When a defendant is put on trial under an indictment regularly preferred against him, evidence that the grand jury which preferred the indictment, and which is still in session, have reconsidered their action in preferring the bill and have ordered it to be withdrawn, is immaterial and palpably irrelevant.

3. *Charge limiting guilt, when properly refused.*—Defendant obtained goods by giving a mortgage on two mules which he pretended to own, but did not. Without objection from him the State was permitted to introduce an itemized statement of the goods and the ledger from which it was taken, and to prove by one of the firm from whom the goods were obtained that the statement and ledger were correct, although he stated that he only sold a small number of the articles charged, and that the other articles were sold by clerks in the store. The amount which he sold was under twenty-five dollars. *Held*, no error to refuse a charge asked by the defendant to limit his guilt to the amount proven by witness to have been sold by him.

4. *When defendant is a witness for himself his general bad character may be proven.*—When the defendant testifies as a witness in his own behalf in a criminal case, he may be impeached by proof of his general bad character in the same manner as other witnesses are in this way impeached.

APPEAL from the Circuit Court of Madison.
Tried before the Hon. H. C. SPEAKE.
The facts sufficiently appear in the opinion.

RICHARDSON and BANKHEAD, for appellant.—Evidence of general bad character of defendant was improper.—*McElvey on Ev.*, § 109; *Brown v. The State,* 46 Ala. 184; *Danner v. The State,* 54 Ala. 127; *Little v. The State,* 58 Ala. 265. (2). There was no legal proof

that defendant had procured as much as $25.00 worth of goods.—*McDonald v. Carnes*, 90 Ala. 148; *Hart v. Kendall*, 82 Ala. 147.

CHARLES G. BROWN, Attorney General, for the State. The defendant made himself a witness and his general character could be impeached.—*McDaniel v. The State*, 97 Ala. 14; *Mitchell v. The State*, 94 Ala. 68.

DOWDELL, J.—The defendant was indicted and tried in the circuit court of Madison county for obtaining goods under false pretenses. On the trial the defendant sought to prove by the foreman of the grand jury that found the indictment, and which was then still in session, that since said indictment had been returned into court and after the arraignment of the defendant thereon, the grand jury had reconsidered the matter and voted to withdraw the indictment.

In the administration of the criminal law the powers and duties of the grand jury are prescribed by the statutes. It is that branch of the court, when organized under the statute, in which all criminal prosecutions by indictment must originate. It puts in motion the organized machinery for the trial of persons charged with crime by presenting in open court in the name of the State a complaint, which must be endorsed a *true bill*. By this means the court acquires jurisdiction of the particular case. The functions and powers of the grand jury as to the indictment so returned are ended when the presentment is made and the indictment or true bill is received by the court. There was no error in refusing to permit the defendant to make this proof; it was immaterial and palpably irrelevant.

The evidence on the part of the State tended to show that the defendant obtained goods and merchandise from J. Klaus & Co. by falsely pretending that he, the defendant, owned two mules, which he did not in fact own, on which he gave said Klaus & Co. a mortgage to secure the payment for said goods so obtained.

Without objection on the part of the defendant, the State introduced in evidence an itemized statement of account of the goods, which the defendant obtained from

[McClellan v. The State.]

Klaus & Co. by means of his false pretense, and which aggregated $42.93; also the ledger from which the above account was taken, was introduced in evidence without objection. The witness Merchentz, who with Sam Levy composed the firm of Klaus & Co. testified to selling some of the articles mentioned in the account to the amount of $3.68, but he also testified that the itemized account offered in evidence was correct, and that the goods mentioned in the account, except what he himself sold, were sold by clerks in the store. Under this state of the evidence the court very properly refused to give the charges requested by the defendant, which limited the guilt of the defendant to articles sold by the witness Merchentz personally.

When the defendant in a criminal case offers himself as a witness, evidence of his general bad character may be introduced for the purpose of impeaching in the same manner as in case of any other witness, who is called to testify. *Mitchell v. State,* 94 Ala. 68; *McDaniel v. State,* 97 Ala. 14.

We find no eror in the record and the judgment of the circuit court must be affirmed.