## TERRILL v. SUPERIOR COURT OF SANTA CLARA COUNTY.*

### S. F. No. 2120; February 16, 1899.

#### 60 Pac. 38.

**Indictment—Validity.**—Under Penal Code, Section 1008, declaring that the judgment allowing a demurrer to an indictment is final, and a bar to another prosecution for the same offense, unless the court, being of the opinion that the objection may be avoided in a new indictment, directs the case to be submitted to "another grand jury," where a demurrer to the indictment was sustained, but the indictment was resubmitted to the same grand jury, which found another indictment, charging defendant with the same offense, founded on the same facts, such indictment was void.[1]

**Indictment—Validity.**—Where the Grand Jury Submitting an indictment had no authority in the matter, the court is without jurisdiction.

**Prohibition—Void Indictment.**—Where Defendant had Been Tried and convicted on an indictment that was void, a writ of prohibition will issue to prevent the trial judge from pronouncing sen-

---

*For opinion on rehearing, see post, p. 417, 60 Pac. 516.

[1] Cited with approval in People v. Rodley, 131 Cal. 251, 63 Pac. 355, where the court show, nevertheless, that, before the defendant has been arraigned, the indictment may, with leave of the court, be sent back to the grand jury for amendment.

Cited with approval in People v. Hansted, 135 Cal. 151, 152, 67 Pac. 764, and the principle applied to a case where the defendant had entered his plea to an indictment and thereafter a second indictment by the same grand jury had been brought in, and the first dismissed, the defendant not consenting.

tence or further proceeding in the case, under Code of Civil Procedure, section 1103, providing that such writ may issue where there is no speedy and adequate remedy at law.[2]

APPEAL from Superior Court, Santa Clara County.

Application for a writ of prohibition by Samuel B. Terrill against the superior court of Santa Clara county to prevent the defendant from taking further proceedings in the case of the people against Samuel B. Terrill. Writ allowed.

Jackson Hatch, H. L. Partridge and F. C. Jacobs for petitioner.

TEMPLE, J.—This is an application for a writ of prohibition directed to the above-named court. The petition shows the following facts, which are admitted in the answer: The petitioner was regularly indicted by the grand jury of the county of Santa Clara upon a charge of forgery. Upon this indictment the petitioner was duly arraigned, and thereupon interposed a demurrer to the indictment. The demurrer having been submitted after argument, the court sustained the same in the following order: "Defendant now presents and files a demurrer to said indictment, which is argued and submitted to the court, and the court, after due consideration, orders that said demurrer be sustained and the indictment resubmitted to the present grand jury, to which the defendant excepts." Thereafter the district attorney presented the charge to the same grand jury which had found the indict-

---

[2] Cited and approved in Valentine v. Police Court, 141 Cal. 618, 75 Pac. 337, but held not applicable where the case has already been heard and determined on appeal, the writ of prohibition being intended for preventive relief and not as a writ of review.

Cited with approval in Primm v. Superior Court, 3 Cal. App. 210, 84 Pac. 787, where after judgment for the defendant in an attachment case, the court, by its order, had continued the attachment pending appeal.

Cited and approved in Re Hatch, 9 Cal. App. 337, 99 Pac. 400, but held to have no bearing on a case where the grievance is merely that the grand jury was irregularly impaneled.

Cited and approved in Ex parte Hayter, 16 Cal. App. 225, 116 Pac. 376, which was an application for a writ of habeas corpus, to which the principle was applied, the court saying: "The remedy by appeal is neither speedy nor adequate in a case where a citizen is restrained of his liberty under an illegal process."

ment to which the demurrer was sustained, which was then in session, and the said grand jury, on the same day, to wit, May 31, 1899, found and returned into court another indictment, charging the petitioner with the same offense, founded upon the same facts with which he had been charged in the first indictment. Afterward the defendant was duly arraigned upon the second indictment, and thereupon moved to set aside the indictment, and objected to being required to plead thereto, because the same was void, and the offense was barred by the provisions of section 1008 of the Penal Code, and for other reasons.

That the second indictment is founded entirely upon the same precise charge as the first was is not controverted. The court denied the motion to set aside the indictment, and also another motion to strike the same from the files, and defendant excepted to both rulings. Thereafter the case was brought to trial before a jury, when defendant renewed his motions with like result. Thereupon before the jury was sworn, defendant by leave of the court interposed, in addition to the plea of not guilty, a plea of former acquittal, and upon the trial proved the foregoing facts as a bar. Nevertheless, the court instructed the jury to return a verdict for the people upon said plea, which it did, and the defendant was convicted of the charge, and the court proceeded to appoint a day for pronouncing judgment upon the verdict. Petitioner avers that, unless prevented, the superior court will proceed to adjudge defendant guilty of a felony, and to sentence him to be confined in the state penitentiary. Petitioner charges that the indictment, trial and verdict are void, and the court is entirely without jurisdiction to pronounce the proposed judgment, or to sentence petitioner. Section 1008 of the Penal Code, as amended in 1880, reads as follows: "If the demurrer is allowed the judgment is final upon the indictment or information demurred to, and is a bar to another prosecution for the same offense, unless the court, being of the opinion that the objection on which the demurrer is allowed may be avoided in a new indictment or information, directs the case to be submitted to another grand jury, or directs a new information to be filed; provided that, after such order of resubmission, the defendant may be examined before a magistrate, and discharged or committed by him, as in other cases."

Before this amendment, the section read as now down to the

phrase "another grand jury," except that formerly instead of this phrase it read, "to the same or another grand jury," and that the provisions as to an information were added, and also the entire proviso. The district attorney of Santa Clara county, who appeared for the respondent, contends that this amendment was made to adapt the code to the provision made in the new constitution for the prosecution of offenses by information, and that the omission of the word "same" was an unimportant inadvertence; that the important matter is that the judge has determined that the objection to the indictment can be avoided, the balance being merely directory, and means only that the charge shall be again submitted to a grand jury, or, as it now reads, to a committing magistrate, upon whose determination an information may be filed. I think, however, there was good reason for the change, and that it was deliberate. If the resubmission was not merely formal, the grand jury which found the first indictment was disqualified. The grounds upon which an individual grand juror may be challenged are stated in section 896 of the Penal Code. Subdivision 6 states one ground of disqualification. He is not qualified if his state of mind in reference to the case or to either party will prevent him from acting impartially, provided that he shall not be disqualified for having formed or expressed an opinion upon the matter to be submitted, founded upon public rumor, etc., if it satisfactorily appears that he can and will, notwithstanding such opinion, act fairly and impartially. This clearly implies, and it has always been so held, that a fixed opinion upon full knowledge will disqualify. If a defendant has been held to answer, he is brought into court, and allowed to challenge the grand jury before the charge is considered by them. If he is not in custody, he may interpose the challenge upon his arraignment. This defendant presumptively had that privilege before the first indictment. But since then the grand jury had considered the case, and had examined witnesses in regard to the charge, and had, under oath, expressed an opinion to the effect that he was probably guilty. The code provides no further opportunity for challenging the grand jury, but the jurors are plainly disqualified, and, if the resubmission is anything more than a merely formal matter, the charge cannot be resubmitted to the same grand jury. If the resub-

mission is only formal, that the indictment may be amended without a re-examination of the case and that was sufficient, a resubmission need not be had at all; but the district attorney might have been required to amend the indictment. It has never been thought that this could be done. When the demurrer was sustained, the defendant stood like any other person who had not been indicted, and is as much entitled to have his case considered by competent jurors. Perhaps, before the defendant has been arraigned, the indictment could be withdrawn, and by leave of the court sent back to the jury for amendment; but it may well be doubted whether this can be done after issue has been joined upon it, and after there has been a trial of the issue of law raised by the demurrer, and judgment has been rendered for the defendant. But, whatever we may think of the power of the court to so amend the indictment, there is enough in the proposition to furnish rational ground for amending the statute, and to prevent the conclusion that it was not intended. The indictment was, therefore, entirely and wholly void.

The question as to whether, conceding that the indictment was void, the court nevertheless had jurisdiction of the case, seems to have been determined in Bruner v. Superior Court, 92 Cal. 239, 28 Pac. 341. This is not a case where a grand jury, irregularly impaneled, acting under the semblance of right and lawful authority, but in the procedure affording every advantage to the accused he would have enjoyed had the proceedings been regular, has presented an accusation to a court having jurisdiction to try him: People v. Petrea, 92 N. Y. 128. Nor is it an irregular assemblage of men legally qualified to act, and who do act, under the control of the proper court. Here the grand jury had no authority to act at all in the matter. The jurors were not qualified to act, and that fact was a matter of record. The defendant was not allowed and did not have the advantages which he would have enjoyed before a lawful jury. He was not allowed his right of challenge to the individual jurors, although their disqualification was matter of record. Nor is it a case where the jurisdiction of the court depended upon some matter of fact which the court was authorized to determine. The court expressly ordered the charge to be resubmitted to the present jury, which its records show was the same grand jury which found the first indictment, and the grand

jury did not reinvestigate the charge, but received the new indictment from the district attorney, and, after appending the signature of the foreman, immediately presented it to the court. The intention was simply to amend the indictment, not really to resubmit the charge for re-examination. And nothing more was done.

It is suggested that the same grand jury might have reindicted the defendant, although the court had made no order of resubmission and that in such case the only mode in which the defendant could have availed himself of the bar would be to plead and prove it as a defense. In such case the presumption would be that the new indictment was for a different offense, and the question of identity could only be determined by a jury. And, besides, here the action of the grand jury was based on an illegal order.

Has the petitioner a plain, speedy and adequate remedy by appeal? It is not as obvious that the remedy by appeal is not adequate as it would have been had he applied for the writ earlier to prevent a trial. The statute implies that there may be a plain remedy which is not speedy or adequate. It is no argument, therefore, to say that the remedy by appeal is the usual one, and therefore such as the law deems adequate. Where the court is about to act without jurisdiction so as to injure a litigant, this law supposes that the remedy may not be sufficiently speedy or adequate. Certainly the remedy is not adequate, to obtain which one who has never been legally tried must first submit to be formally branded as a felon, and then languish in jail for an indefinite period, until in due time his case is reached, and this court at last shall declare that he has been outrageously treated. Unless this provision of the statute was meant for just this kind of a case, I do not know what it is for. It is therefore ordered that the said court, and the said Honorable William G. Lorigan, judge thereof, do refrain and desist from any further proceedings in the said case of the people against Samuel Terrill.

We concur: Beatty, C. J.; McFarland, J.; Harrison, J.; Garoutte, J.; Van Dyke, J.; Henshaw, J.