[Crim. No. 780.   Department Two.—December 23, 1901.]

THE PEOPLE, Respondent, v. F. HANSTEAD, Appellant.

CRIMINAL LAW—SECOND INDICTMENT—DISQUALIFICATION OF GRAND JURY.—Where a first indictment found by the grand jury is not resubmitted to them for any mere formal correction, or not resubmitted at all, the same grand jury which found the first indictment is disqualified from finding a second indictment for the same offense.

ID.—ABSENCE OF CONNECTION WITH FIRST INDICTMENT—NEW PROCEEDING—PRIOR CONVICTION BY JURORS.—Where it appears that the first indictment had been made a permanent record of the court, and had been pleaded to, and that the cause was ready for trial thereupon, the second indictment could have no connection with the first, but is the result of a new proceeding; and the grand jury is

as much disqualified from acting upon the second indictment as would be trial jurors from acting upon a second trial, after having found the defendant guilty of the same offense upon a first trial.

ID.—REMEDY—CHALLENGE FOR BIAS—MOTION TO SET ASIDE INDICTMENT. —A challenge to the panel of the grand jury for bias in the finding of the second indictment was not necessary, where the defendant was not then brought before the grand jury; but in such case a motion by the defendant to set the second indictment aside, for disqualification of the grand jury which found the first indictment, was proper, and should be granted.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. F. H. Dunne, Judge.

The facts are stated in the opinion of the court.

George D. Collins, for Appellant.

Tirey L. Ford, Attorney-General, and A. A. Moore, Jr., Deputy Attorney-General, for Respondent.

McFARLAND, J.—Defendant was charged in an indictment with the crime of uttering a fictitious instrument in writing, and the jury returned a verdict of guilty. He appeals from the judgment and from an order denying his motion for a new trial.

Counsel for appellant contends very vigorously that the evidence was totally insufficient to warrant the verdict; and he further argues that during the trial many errors of law were committed by the court which were material and prejudicial to appellant; but as, in our opinion, the court should have granted the motion of appellant to set aside the indictment, it is not necessary to discuss any of his other contentions.

The present indictment on which appellant was tried was presented to the court, and filed as a record thereof, on October 16, 1900. But prior to that date, and on July 23, 1900, the same grand jury had presented to said court an indictment charging appellant with the identical crime with which he was charged in the second indictment, on which he was tried. The first indictment was filed as a record of the court; the appellant was arraigned to plead to said indictment, and his plea of not guilty was entered. That indictment, with appellant's

plea, was pending when the second indictment was presented and filed; but afterwards the court, on motion of the prosecution, and against the appellant's objection and exception, made an order dismissing the first indictment, to which order appellant excepted. Both indictments are in the record, and it is beyond question that they both charged appellant with the same offense; neither is it questioned that they were both found by the same grand jury. At the proper time appellant moved to set aside the second indictment, upon the ground that it was found by the same grand jury who found the first indictment, and that, therefore, they were disqualified from again acting on the case or finding the second indictment. The court denied the motion, and appellant excepted.

It is clear that grand jurors who have examined the charge against one accused of a crime, and found and presented an indictment against him for such crime, thus officially declaring their conviction upon the evidence before them that he is probably guilty, are disqualified from again passing upon a second charge against him for the same offense. In such a case, if the accused had the opportunity of challenging the grand jurors, a challenge by him to each of the jurors, under subdivision 6 of section 896 of the Penal Code, on the ground "that a state of mind exists on his part in reference to the case," etc., would undoubtedly have been good; but in the absence of such opportunity, it is provided by section 995 of the Penal Code that the indictment "must be set aside" on several grounds, and, among others, "on any ground which would have been good ground for challenge either to the panel or to any individual grand juror." In *Terrill* v. *Superior Court* (Cal. 1899), 60 Pac. Rep. 38,—the opinion having been concurred in by all the justices in bank,—the trial court, after it had sustained a demurrer to the first indictment, had ordered the case resubmitted to the same grand jury who had found that indictment, and the grand jury had found a second indictment under which the questions before the appellate court arose. This court held that there could not be a resubmission to the same grand jury—at least, where the resubmission was not "merely formal." The court, discussing the want of qualification of grand jurors to find the second indictment, say: "If the resubmission was not merely formal, the grand jury which found the first indictment was disqualified. The grounds upon

which an individual grand juror may be challenged are stated in section 896 of the Penal Code. Subdivision 6 states one ground of disqualification.'' After stating the substance of said subdivision 6, the court say: ''This clearly implies, and it has always been so held, that a fixed opinion upon full knowledge will disqualify. If a defendant has been held to answer, he is brought into court and allowed to challenge the grand jury before the charge is considered by them. If he is not in custody, he may interpose the challenge upon his arraignment. This defendant, presumptively, had that privilege before the first indictment. But since then the grand jury had considered the case, and had examined witnesses in regard to the charge, and had, under oath, expressed an opinion to the effect that he was probably guilty. The code provides no further opportunity for challenging the grand jury, but the jurors are plainly disqualified, and if the resubmission is anything more than a mere formal matter, the charge cannot be resubmitted to the same grand jury.''

Of course, in *Terrill* v. *Superior Court* (Cal. 1899), 60 Pac. Rep. 38, the point as to the disqualification of grand jurors to find a second indictment did not arise in precisely the same way in which it is presented in the case at bar; but the principle announced there applies here. There it was held that the court could not legally order a case resubmitted to the same grand jury, while here no such order for resubmission has been made; but surely the absence of such order did not change the nature of the question involved. It is claimed, also, that what was said in *Terrill* v. *Superior Court* (Cal. 1899), 60 Pac. Rep. 38, about the disqualification of grand jurors was *dictum;* but the discussion of that subject seemed to be necessary for the disposition of the points raised. However, we need not inquire whether it was absolutely necessary to the determination of that case, because, in our opinion, it was a correct statement of the law on the subject, and is directly applicable to the case at bar.

It is not necessary to determine whether, upon a presentation of an indictment, and before any action has been taken upon it, the court could legally resubmit it to the grand jury for correction. In such case it might possibly be held that there was really only one transaction and one indictment, and that the resubmission was, as intimated in *Terrill* v. *Superior*

*Court* (Cal. 1899), 60 Pac. Rep. 38, "merely formal"; although we do not wish to be understood as expressing any opinion upon that subject.  But in the case at bar the first indictment had been found and filed several months before the second one; it had been for a long time a permanent record of the court; the appellant had been brought into court under it and had pleaded to it; and the case had a permanent place among the cases at issue and ready to be set for trial. The second indictment, therefore, had no legal connection with the first one, but was the result of a new proceeding; and, under the above views, the grand jury were as much disqualified as trial jurors who had once found a defendant guilty would be disqualified to sit again as trial jurors on the second trial of the same defendant for the same offense.

We do not understand counsel for respondent as very strenuously denying the correctness of the foregoing views, but their principal contention, as to this point, is that counsel for appellant, in presenting his motion to set aside the indictment, did not with sufficient particularity, and in apt language, express the ground of the motion.  They seem to contend that the motion should have been more in the form of a challenge for bias, which would have been, perhaps, requisite if appellant had actually been brought before the grand jury prior to their examination of the case, for the purpose of directly challenging them.  This contention is extremely technical, as against a defendant in a criminal case,—that is, that a defendant should be denied an acknowledged right because he did not present it with sufficient formal accuracy; but we do not think that the contention is maintainable. Appellant was not before the grand jury for the purpose of interposing a challenge; he was making a motion allowed by the statute for a reason that would have been a good cause for challenging if there had been an opportunity to do so; and we think that the language employed stated the ground of the motion beyond any possibility of doubt or misunderstanding.

The judgment and order appealed from are reversed, with direction to the court below to sustain the motion to set aside the indictment.

Temple, J., and Henshaw, J., concurred.