[No. 2038]

STATE   OF   NEVADA,   APPELLANT,   *v.*   HERBERT
        TOWERS, RESPONDENT.

[139 Pac. 776]

1. INDICTMENT AND INFORMATION — RESUBMISSION — SAME GRAND
   JURY—STATUTES.
        Rev. Laws, sec. 7005, subd. 6, allows grand jurors to be
   challenged because of a state of mind which would prevent
   them from acting without prejudice to the substantial rights
   of the challenging party.   Section 7399 provides that the court
   may dismiss an action after indictment, and section 7401
   declares that such a dismissal shall not bar another prosecu-
   tion for the same felony.   Section 7044 provides that the dis-
   missal of a charge shall not prevent the same charge from
   being submitted to a grand jury as often as the court may
   direct.   Section 7101 provides that, if a demurrer to an indict-
   ment is allowed, the judgment is a bar to another prosecution,
   unless the court thinks that the defect may be avoided in a
   new indictment, and directs a resubmission to the same or
   another grand jury; and section 7024 limits evidence receivable
   by the grand jury to sworn witnesses, legal documentary evi-
   dence, and depositions.   Defendant was indicted for obtaining
   money under false pretenses, a felony, and pleaded not guilty,
   and thereafter the indictment was dismissed, and the matter
   resubmitted to the same grand jury, who reported "No bill."
   Subsequently the matter was again resubmitted to the same
   grand jury, who returned an indictment for felony.   *Held* that,
   as a reconsideration of the charge or the evidence would be
   necessary, it could not be resubmitted to the same grand jury,
   which, having already formed an opinion on the merits, was
   subject to the challenge that their state of mind prevented
   them from acting impartially, but that the resubmission must
   be to another grand jury.

2. GRAND JURY—QUALIFICATIONS—BIAS OR PREJUDICE.
        A qualified grand jury can only consist of members in whose
   mind there exists no bias or prejudice against either of the
   parties to the case.

TALBOT, C. J., dissenting.

APPEAL from the Seventh Judicial District Court, Esmeralda County; *Peter J. Somers,* Judge.

Herbert Towers was indicted for obtaining money under false pretenses. The indictment was set aside, and the State appeals. **Affirmed.**

*Cleveland H. Baker,* Attorney-General, *J. Emmett Walsh,* District Attorney, *John F. Kunz,* and *P. F. Carney,* for the State.

*Augustus Tilden,* for Respondent.

By the Court, MCCARRAN, J.:

This is an appeal from an order of the district court of Esmeralda County, setting aside an indictment found by the grand jury of that county, by which indictment the defendant, Herbert Towers, was accused of obtaining money under false pretenses.

[1] From the record, it is disclosed that on January 30, 1912, the grand jury of Esmeralda County filed an indictment against the defendant, Towers, charging him with the crime of obtaining money under false pretenses. The defendant was arraigned under the indictment, and interposed a plea of not guilty. Later the district attorney of Esmeralda County moved the court to dismiss the indictment, stating that there was a question in his mind as to the ownership of the money obtained, as alleged in the indictment. Pursuant to his motion the court made an order dismissing the indictment, and at the request of the district attorney entered another order directing that the matter be resubmitted to the grand jury. Thereafter, and on the 21st day of March, 1912, the same grand jury, after having reinvestigated the case, made a report to the court that they found "No true bill." Subsequently, to wit, on the 8th day of August, 1912, approximately four and one-half months thereafter, the district attorney moved the court for an order of resubmission to the same grand jury, and pursuant to the motion the court made such order, and on the 9th day of August, 1912, the same grand jury filed an indictment against the defendant

charging him with the identical crime—obtaining money under false pretenses. On the 13th day of August the defendant filed a motion to set aside the indictment upon the ground "that at the time of the finding of the present indictment there existed on the part of the grand jury, and every member thereof, a state of mind in reference to the case and to the defendant which prevented it and him from acting impartially and without prejudice to the substantial rights of the defendant."

In furtherance of the motion, the defendant asserted: "Said motion is based upon the fact that the grand jurors by which the present indictment was found heretofore, and before the finding of the present indictment, found and returned to this court an indictment, hereinafter referred to as the former indictment, against defendant, for the identical alleged offense attempted to be set forth in the present indictment, and prior to the finding of said former indictment caused to be produced before them, witnesses upon whose testimony they, and each of them, formed a belief in the probable guilt of defendant of said alleged offense and in accordance with which belief they on oath found said former indictment."

The motion to set aside the indictment made in behalf of the defendant was sustained by the court, and, from the order sustaining this motion setting aside the indictment, appeal is taken to this court by the state.

The position taken by the respondent in this case is that, the grand jury having found a former indictment against this defendant for the identical offense, and having filed that indictment in the court, and having thereby accused the defendant of the crime of receiving money under false pretenses, the acts of the grand jury in that respect made its members subject to the challenge as prescribed by the statute (subd. 6, sec. 7005), to wit: That a state of mind existed on the part of each and every one of the grand jurors finding such indictment which would prevent them from acting impartially and without prejudice to the substantial rights of the party challenging.

Section 7399 of the Revised Laws prescribes: "The court may, either of its own motion or upon the application of the district attorney, and in furtherance of justice, order any action after indictment to be dismissed; but in such case the reasons of the dismissal shall be set forth in the order, which must be entered on the minutes."

It was pursuant to the foregoing section, upon the motion of the district attorney, that the first indictment was dismissed for the reasons, as stated in the record, that, a defect in the indictment having been drawn to the attention of the district attorney, he moved the court to dismiss the indictment, and resubmit the cause to the grand jury.

Section 7401, Revised Laws of Nevada, prescribes: "An order for the dismissal of the action, as provided in this chapter, shall be a bar to another prosecution for the same offense, if it be a misdemeanor, but it shall not be a bar if the offense charged be a felony."

In this particular instance the offense charged was a felony, and hence the state was not barred from further investigation or prosecution of the case under proper procedure.

Section 7044, Revised Laws of Nevada, is as follows: "The dismissal of the charge shall not, however, prevent the same charge from being again submitted to a grand jury or as often as the court shall so direct. But, without such direction, it shall not be again submitted."

As disclosed by the record subsequent to the dismissal of the first indictment, and upon the motion of the district attorney, the court on two occasions ordered the charge submitted to the same grand jury. On the first of those occasions the grand jury returned a report of "No bill." On the second occasion, however, the grand jury returned an indictment.

Section 7101, Revised Laws, provides: "If the demurrer is allowed, the judgment is final upon the indictment demurred to, and is a bar to another prosecution for the same offense, unless the court, being of the opinion that

the objection on which the demurrer is allowed may be avoided in a new indictment, directs the case to be submitted to the same or another grand jury."

The American courts that have had occasion to pass upon this particular subject are by no means uniform in the rule announced. Some have declared that a grand jury can return a second indictment for the same offense against a party accused, even without additional evidence; but in each decision rendered on this subject by the several courts of last resort, it would appear that each case rested upon and was decided upon its own particular set of circumstances, and was viewed in the light of statutes peculiar to that state. (*State* v. *Peterson,* 61 Minn. 73, 63 N. W. 174, 28 L. R. A. 324.)

In the case of *De Leon* v. *Territory,* the Supreme Court of Arizona, under a statute very similar to that of ours, held in substance that, where an indictment was attacked by demurrer, and upon examination was found to imperfectly or insufficiently set forth the offense with which the grand jury attempted to charge the party defendant, there was no question as to the right of the grand jury to find a second indictment, where the case was resubmitted to them. (*De Leon* v. *Territory,* 9 Ariz. 161, 80 Pac. 348.)

Counsel for appellant, in their brief, lay considerable stress upon the declaration of the Supreme Court of California in the case of *People* v. *Northey,* 77 Cal. 618, 19 Pac. 865, 20 Pac. 129; but it must be observed with reference to that case that the decision rested entirely upon a set of circumstances peculiar to the case itself. Northey was indicted by the grand jury of San Francisco County, after he had appeared as a witness before the grand jury while they were investigating a case and in which case Northey, by his sworn testimony, admitted his own inculpation, and from his testimony, together with other matters brought before the grand jury, they filed their indictment against him. In that case the Supreme Court of California said: "We see no reason why this grand jury should not have indicted Northey

on his own testimony as given before it. If it saw proper to call a witness (Woods) as was done in this case, before ordering the indictment, we see no reason why it could not do so. Such a course indicated no bias or prejudice on the part of the grand jury, or any member of it. In fact, in this case he may be said to have been under consideration from the time that he gave his testimony in relation to Morrow and until the indictment against him was found. The disqualifying state of mind referred to in the statute must have existed when the examination of Northey's case was commenced, when he was called before them as a witness, and it is not contended that any such state of mind existed at that time."

The Northey case is not strictly in point in the matter before us at this time.

Mr. Bishop, in his work on Criminal Procedure, in discussing this subject, says: "The grand jury, at any time during its term of organization and service, even at a subsequent term of the court, may find a second indictment, as a substitute for the first, without hearing the evidence anew."

This principle has been sustained by many jurisdictions. In the case of *Ex Parte Job*, 17 Nev. 184, 30 Pac. 699, this court held that, although a charge be submitted to three successive grand juries, and they failed to indict, the fourth grand jury may find a valid indictment, and the failure of the respective grand juries to find an indictment was not a bar to further prosecution. This doctrine, as laid down in the Job case, *supra*, is in harmony with many decisions of courts of last resort in the several states. (*Commonwealth* v. *Woods*, 10 Gray, 477; *Whiting* v. *State*, 48 Ohio St. 220, 27 N. E. 96; *State* v. *Branner*, 149 N. C. 559, 63 S. E. 169; *Terry* v. *State*, 15 Tex. App. 66; *State* v. *Clapper*, 59 Iowa, 279, 13 N. W. 294.)

Notwithstanding the many decisions rendered upon this general subject, there appears to be no plain, adequate rule established whereby the different phases of the subject might be distinguished. In the Job case, *supra*, this court went as far as any other jurisdiction has so far

ventured under a statute similar to ours, and yet the conditions in that case are not identical to those presented in the case at bar.

Two separate and distinct sections of the statute must be considered in arriving at a conclusion as to the proper rule in a case of this character. Under section 7044, quoted above, if a charge be dismissed, it may again be submitted to a grand jury. Manifestly it was the intention of the legislature that, in case of resubmission of a charge after it had once been dismissed, it should only go to a grand jury composed of qualified membership, and under section 7005 a grand juror who is possessed of a state of mind with reference to the case, or to the parties, which will prevent him from acting impartially, and without prejudice, where such state of mind is not founded upon public rumor, etc., is disqualified. The filing of the indictment in the first instance disclosed a fixed opinion on the part of the grand jury, based upon a full knowledge of the facts presented to them under oath, and to that extent was a manifestation, and an indisputable evidence, of a state of mind existing on the part of at least twelve members of the grand jury with reference to the case, which state of mind was formed and existed, not upon public rumor, statements in public journals, or common notoriety, but upon the best evidence obtainable and presented to them under oath. (Revised Laws, sec. 7024.)

Under section 7044 no provision is made to resubmit the charge to the same grand jury after dismissal. In this respect it may be well to contrast section 7044 with section 7101. The former has reference to an instance where the grand jury itself ignored the charge, in which case the court may order the charge resubmitted to a grand jury, but not to the same grand jury; the latter makes especial provision for the resubmission of a charge to the same or another grand jury. This applies only where the court determines that the defect in the indictment is only of a formal nature, and can be remedied without any reconsideration of the charge itself, or the

evidence in support thereof.   From these two sections, it is our judgment that a rule may be formulated which will clarify the procedure, and allay doubt as to what may be the proper practice.   If a demurrer to an indictment be sustained, or the indictment set aside by the court, and the court thereafter is of the opinion that the objection on which the demurrer is allowed, or the reason for dismissal, is of such a nature that it may be avoided by merely formal corrections or changes, the court may properly order the case resubmitted to the same grand jury.   If, however, it is manifest that merely formal changes in the indictment will not suffice, and that a reconsideration of the charge, or the evidence, by the grand jury would be necessary, the resubmission cannot be made to the same grand jury, for the reason that, having already formed an opinion on the merits, the grand jurors are subject to the challenge that they are possessed of a state of mind which will prevent them from acting impartially.

If the court, either of its own motion, or upon application of the district attorney, dismiss a charge under section 7399 for reasons other than those merely formal in nature, it follows that the reconsideration of the whole subject-matter is necessary by the grand jury, and hence a resubmission can only be made to a grand jury duly qualified, which precludes the idea of a resubmission to the same grand jury.   This is especially true in a case where, the defendant having interposed his plea of "Not guilty," the issues are joined; but it is our judgment that this rule should apply regardless of the plea of the defendant.

The Supreme Court of California, speaking through Mr. Justice Temple, in considering a state of facts very much analogous to the one at bar, and under very similar statutes, said: "Perhaps, before the defendant had been arraigned, the indictment could be withdrawn, and by leave of the court sent back to the jury for amendment." (*Terrill* v. *Superior Court of Santa Clara Co.*, 60 Pac. 39.)

The case of *Terrill* v. *Superior Court, supra,* was again cited, and the rule approved, by the Supreme Court of

California in the case of *People* v. *Hanstead*, 135 Cal. 149, 67 Pac. 763, and there the court said: "It is not necessary to determine whether, upon a presentation of an indictment, and before any action has been taken upon it, the court could legally resubmit it to the grand jury for correction. In such cases it might possibly be held that there was really only one transaction and one indictment, and that the resubmission was, as intimated in the Terrill case 'merely formal,' although we do not wish to be understood as expressing any opinion upon that subject."

In determining whether or not the cause may be resubmitted to a grand jury, a distinction must be drawn between the acts of the grand jury which would be in the nature of merely formal corrections and those acts of the grand jury which would necessarily constitute a reconsideration of the charge itself. In the case of *People* v. *Hanstead*, *supra*, the Supreme Court of California, under statutory provisions almost identical to those of ours, held that grand jurors who have found an indictment against a defendant are disqualified from again passing upon a second charge and finding a second indictment against him for the same offense. In the case at bar, if the correction sought to be brought about by the district attorney were merely formal in nature, it is our judgment that the court acted properly in resubmitting the matter to the grand jury for such corrections. But the record discloses that the grand jury upon resubmission made a report to the court of "No true bill." Under section 7044 of our Revised Laws this did not prevent the court from again submitting the charge to a qualified grand jury; but, as we have already stated, a qualified grand jury can only consist of members in whose mind there existed no bias or prejudice against either of the parties to the cause. After a grand jury has returned a report to the effect that the charge is dismissed, an order of the court resubmitting the case to the same grand jury would be in fact an order requiring a different report, and could serve no other purpose than to indicate to that jury that

the court demanded an indictment. The unreasonableness of such a procedure is immediately apparent, and such a practice, with its attendant results, is not in keeping with modern criminal jurisprudence. If the court saw fit under such a condition of affairs to resubmit the charge to another grand jury at a subsequent time, the law does not prevent it from so doing; in fact, the statute especially provides for such action. In this case, if the first resubmission was solely for the purpose of making formal changes or corrections, it was authorized by the statute; but the second resubmission, being after the grand jury had reported "No bill," was unauthorized, and an indictment found under such conditions was, to say the least, voidable. (*Terrill* v. *Superior Court,* 60 Pac. 38; *People* v. *Hanstead,* 135 Cal. 149, 67 Pac. 763.)

It follows that the order of the district court in setting aside the indictment should be affirmed.

It is so ordered.

NORCROSS, J.: I concur.

TALBOT, C. J., dissenting:

I cannot adhere to the theory advanced that a grand jury, or any grand juror, becomes disqualified to consider a case by reason of legal evidence presented to and considered by the grand jury in that case while regularly before it for consideration. If this line of argument is to be given support, it would be as consistent to hold that every grand juror, when he forms an opinion from evidence received in the grand-jury room, becomes disqualified to act before he joins in finding an indictment; that every trial juror who forms an opinion from testimony given in court becomes disqualified from rendering a verdict because he has formed an opinion before he acts in finding a verdict; and that, if this case is submitted to another grand jury, and it hears the same witnesses who appeared before the prior one, or the same or other evidence, the grand jurors would thereby form an opinion and become disqualfied to find an indictment,

hear evidence, and form an opinion, without becoming disqualified to indict.

The disqualification of a grand juror by reason of any opinion he has should pertain to the time when he is accepted as a member of the panel, and, if he is free from bias, and a competent grand juror at that time, he should not become disqualified to act in any case pending before the grand jury by reason of legal evidence submitted to the grand jury. Mr. Bishop and other textwriters and courts are correct in their conclusion that the grand jury may at any time during its service find a second indictment after, or without, hearing further evidence.

The language of the different sections of our criminal practice act, relating to the setting aside of indictments and the resubmission of cases to grand juries, appears to be sufficiently clear, if the words used are given their ordinary meaning. Section 7010 of the Revised Laws provides: "A person held to answer for a public offense can take advantage of any objection to the panel or to an individual grand juror in no other mode than by challenge." And under sections 7003 to 7008, inclusive, a challenge should be made before the grand jury is sworn, if the accused has been previously bound over. (*McComb* v. *District Court*, 36 Nev. 417, 136 Pac. 563.) Under section 7090, if the defendant has not been held to answer before the finding of the indictment, it must be set aside by the court on his motion upon "any ground which would have been good ground for challenge, either to the panel or to any individual grand juror." This limits the cause for setting aside the indictment by reason of the state of mind of the grand jurors to challenge for the state of mind at the time the grand jurors are accepted and sworn to serve on the panel. The statute does not give any challenge nor allow any motion to set aside the indictment for opinion thereafter formed by hearing the evidence in the case.

The motion to set aside this indictment being based upon the ground that the grand jurors, "prior to the

finding of said former indictment, caused to be produced before them witnesses upon whose testimony they, and each of them, formed a belief in the probable guilt of defendant of said alleged offense, and in accordance with which belief they on oath found said former indictment," the motion should be considered as governed by section 7090, mentioned, which is the only one providing for a motion to set aside an indictment on that ground, and by section 7092, which provides that: "If the motion is granted, the court must order that the defendant, if in custody, be discharged therefrom; or, if admitted to bail, that his bail be exonerated; or, if he has deposited money instead of bail, that the same be refunded to him, unless it directs that the case be resubmitted to the same or another grand jury."

Language could not more clearly or directly authorize the resubmission to the same grand jury.

If section 7044 can in any way be considered as controlling, as held in the opinion, there is nothing in the language of that section which prohibits the court from submitting the case again to the same grand jury. The words relied upon in that section, that "the dismissal of the charge shall not, however, prevent the same charge from being again submitted to a grand jury, or as often as the court shall direct," do not to my mind contain such prohibition. The same grand jury was a "grand jury" as much as the same man is "a man," and the provision that the same charge could be again submitted to a grand jury does not indicate that the case could not be submitted to the same grand jury. The decision of the majority of the court in effect legislates into the statute the words, "but the case shall not again be submitted to the same grand jury." The words in this section, "as often as the court shall so direct," emphasizes the right of the district court to resubmit the case to the same grand jury. I am unable to concur in the opinion that the same grand jury was not "a grand jury," or was not embraced in the meaning of the words "a grand jury."

A strained construction should not be placed upon

the statute, which would result in delaying criminal proceedings, in additional unnecessary expense to the county, and trouble to extra grand jurors for a new panel and witnesses in attending again, in order that a person accused of crime may be indicted by a second grand jury, when the first is not shown to have been prejudiced or disqualified at the time it was impaneled, or to have formed any opinion, except by hearing evidence in the case properly introduced before the grand jury which presumably would have the same effect upon the second grand jury. If there should be additional witnesses or other evidence for a second grand jury, it could as well be heard by the first one, which should have as much right to form its conclusions and act on the evidence in the case as a second grand jury. As we have often held, errors which do not prejudice should not avail. (*State v. Clark*, 36 Neb. 479, 135 Pac. 1083; *State* v. *Williams*, 31 Nev. 360, 102 Pac. 974; *State* v. *Petty*, 32 Nev. 384, 108 Pac. 934, Ann. Cas. 1912D, 223; *State* v. *Smith*, 33 Nev. 459, 117 Pac. 19; *State* v. *Mircovich*, 35 Nev. 485, 130 Pac. 765, and cases there cited.)