### GIBSON v. THE STATE.

After a grand jury has returned into court a true bill of indictment, and the same has been entered on the minutes of the superior court by its clerk, the court obtains jurisdiction of the case, and the grand jury is without authority, at the same term of the court, to recall the true

---

Indictments and Informations, 31 C. J. p. 587, n. 3.

bill, erase the entry of "true bill," and make an entry of "no bill" on the indictment.

No. 5449.    JULY 13, 1926.

Questions certified by Court of Appeals (Case No. 17300).

*M. L. Gross* and *Evans & Evans,* for plaintiff in error.

*Walter F. Grey, solicitor-general,* and *A. R. Wright,* contra.

HINES, J.    After a grand jury has returned into court a true bill of indictment, and it has been docketed and entered on the minutes of the court by the clerk of the court, has the grand jury the authority at the same term of the court to recall the true bill and erase the entry of "true bill," and make an entry of "no bill" on the indictment?    The duties of a grand jury must be confined to such matters and things as they are required by the laws and statutes of this State to perform.    Penal Code, § 833.    There is no statute fixing the practice in the matter referred to in the question propounded to this court by the Court of Appeals.    There has been no decision upon this subject by this court.    In deciding the question involved, we will have to look to the common law, the decisions of other courts, and the dictates of reason.

1.    First, we will look to the principle which is applicable when a no bill has been returned, and it is desired to have further action taken by the grand jury in a case where such a bill has been returned.    In Reg. *v.* Humphreys, 1 Carr. & Marsh. 601, 41 Eng. Com. L. 327, it was held that "If the grand jury at the assizes or sessions have ignored a bill, they can not find another bill against the same person for the same offense at the same assizes or sessions, and if such other bill be sent before them they shall take no notice of it."    In Reg. *v.* Austin, 4 Cox's Crim. Cases, 387, it was said that "Where the grand jury have ignored a bill, the court will not permit a second bill of a like nature to be presented to them at the same session."    In Rowand *v.* Com., 82 Pa. 405, the Supreme Court of Pennsylvania held that when a defendant has been once discharged on a return of "ignoramus," a new bill sent up without a fresh hearing and without the leave of the court should be promptly quashed, in the absence of affirmative proof that the course taken was required to meet some emergency or provide for some urgent public need.    In State *v.* Towers, 37 Nev. 94 (139 Pac. 776, Ann. Cas. 1916D, 269), the Supreme Court of Nevada held that where an individual under indictment had been

dismissed, whereupon his case was resubmitted to the same grand jury, who returned "no bill," and the matter was again submitted to the same grand jury, who returned a true bill, such submission could not be made to the same grand jury, and the indictment was subject to challenge upon the ground that the minds of the jury prevented them from acting impartially, but that such submission must be to another grand jury. Other cases to the same effect can doubtless be cited; but they do not express, in our opinion, the true law. If the bill be not found, or if the indictment is defective, a new and more regular one may be framed and sent to the same or another grand jury for their finding. 1 Chitty's Crim. Law (5th Am. ed.), 324; 4 Black. Com. 305, 306; Reg. v. Humphreys, supra; Reg. v. Austin, supra; State v. Branch, 68 N. C. 186 (12 Am. R. 633); State v. Brown, 81 N. C. 568; State v. Harris, 91 N. C. 656; U. S. v. Martin, 50 Fed. 918; Joyce on Indictments, § 131 et seq.; Renfroe v. State, 84 Ark. 16 (104 S. W. 542); 31 C. J. 586, § 51; U. S. v. Thompson, 251 U. S. 407 (40 Sup. Ct. 289, 64 L. ed. 333). But when a no bill is returned by the grand jury, and the return is entered upon the minutes of the court, this return can not be erased and a return of a true bill inserted in lieu. The indictment and the return become a public record which can not be changed by the grand jury. This is especially so in view of our statute which provides that "Two returns of 'no bill' by grand juries, on the same charge or accusation, shall be a bar to any further prosecution for the same offense, either under the same or another name, unless such returns have been procured by the fraudulent conduct of the person charged, on proof of which, or of newly discovered evidence, the judge may allow a third bill to be presented, found, and prosecuted." Penal Code, § 955.

2. But the true question in this case is whether, after there has been a return of a true bill, and the return has been entered upon the minutes of the court, the grand jury can procure the prosecuting attorney to withdraw the same, and then erase from the indictment the return of true bill and insert instead a return of no bill. The grand jury has no such power. After presenting an individual, the grand jury can not reconsider and withdraw it, erase the return of true bill, and put in its place a return of no bill. The grand jury was without authority to do this, for two

good reasons. The first is, that the indictment and return thereon of a true bill is a public record which can not be withdrawn from the court and changed. In *Hill* v. *State,* 41 *Ga.* 484, this court held that the act of the solicitor-general in altering an indictment in the presence of the foreman and some of the grand jury was unauthorized and improper, but that such action did not entitle the defendant to a direction by the court of a verdict of acquittal. The second reason is this: By the finding and return of a true bill on the indictment, as originally returned by the grand jury, the entry of this return on the minutes, the court acquired jurisdiction of the case; and the functions and powers of the grand jury ended. That body could not strip the superior court of its jurisdiction, when so acquired, by withdrawing the indictment and erasing the return of true bill and inserting no bill. Fields *v.* State, 121 Ala. 16 (25 So. 726); 31 C. J. 587, § 53. In *State* v. *Allen, R. M. C.* (*Ga.*) 518, Judge Charlton said: "It seems that if an existing indictment be altered by the prosecuting officer, and submitted, thus changed, to the grand jury, who again return 'True Bill' thereon, such informality will not destroy the second indictment, even though nol. pros. be subsequently entered on the minutes, in reference to the first indictment." In that case the question arose upon a motion in arrest of judgment. If the question had arisen upon a motion to quash the indictment, or on a plea in abatement, the decision might have been different. Besides, in that case, the return of the changed indictment was the same with that of the original bill. Furthermore, if that case is contrary to what we hold, the same is not binding as an authority on this court, and should not be followed.

So we are of the opinion that the question propounded by the Court of Appeals should be answered in the negative.

*All the Justices concur.*