[No. 3465. July 17, 1930.]

[Rehearing Denied Aug. 23, 1930.]

STATE v. RAULIE.

[290 Pac. 789.]

James A. Hall, of Clovis, for appellant.

M. A. Otero, Jr., Atty. Gen., and E. C. Warfel, Asst. Atty. Gen., for the State.

OPINION OF THE COURT

BICKLEY, C. J.

Appellant was indicted and put to trial upon a charge of rape. The jury returned a verdict of guilty. Sentence was pronounced, from which appeal is taken. Facts sufficient for an understanding of the points presented will appear as we proceed.

■ Appellant's first contention is that the indictment is void because it was not returned by a lawful grand jury; said grand jury having been in law discharged prior to the finding of said indictment. The facts are that a grand jury was impaneled, began and continued its work until February 7, 1929, whereupon it returned into open court some true bills and some no bills, and at the same time presented and filed its final report declaring that it had completed its labors, that nothing remained for said body to do or investigate, that all business for which it had been convened had been completed, and prayed its discharge; that said report was accepted, and filed in open court, but said grand jury was not by the court discharged; that the court then ordered that, notwithstanding the grand jury had completed the business before it, the court desired to and did retain said body for reconvention should anything further develop, and that the grand jury be recessed and not discharged, although the members thereof would be free to go and come, not leaving the county without first informing the court and obtaining permission. The trial judge stated at the hearing on the plea in abatement that, while it was true that the report filed by the grand jury stated that the business had been finished, and prayed the discharge of the grand jury, it was also true that, at the time of said request for discharge, the assistant district attorney requested that they be not discharged, and that they did have some business yet to investigate. The learned trial judge, in commenting upon the statute invoked by appellant, section 78—215, 1929 Comp.:

"The grand jury, on the completion of the business before them, must be discharged by the court, but whether the business be complete or not, they are discharged by the final adjournment of the court, * * *"

said:

"I do not believe that the grand jury can arbitrarily determine that its business had been finished and file a report to that effect, and thereupon the court would have to discharge it. For instance, if the work was not finished and there were still cases pending to be investigated and the grand jury should be permitted to file a report stating they had finished their business, the court would have to discharge it. I really believe, gentlemen, that the determination as to when the business is finished must rest with the court, and it is his orders which must finally prevail."

· We approve the reasoning and decision of the trial judge.

■ Appellant next claims that the indictment is void because the several members of the grand jury were disqualified to act. He invokes section 3110, Code 1915 (section 78—203, 1929 Comp.), as follows:

"A challenge to one individual grand juror may be interposed for one or more of the following causes, only: * * * That a state of mind exists on his part in reference to the case, or either party, which satisfies the court, in the exercise of a sound discretion, that he cannot act impartially and without prejudice to the substantive rights of the party challenging."

He relies upon two California cases construing a similar statute. One was Terrill v. Superior Court, 127 Cal. xviii 60 P. 38. (1899). The pertinent thing decided therein is thus stated in the syllabus:

"Under Pen. Code, § 1008, declaring that the judgment allowing a demurrer to an indictment is final, and a bar to another prosecution for the same offense, unless the court, being of the opinion that the objection may be avoided in a new indictment, directs the case to be submitted to 'another grand jury,' where a demurrer to the indictment was sustained, but the indictment was resubmitted to the same grand jury, which found another indictment charging defendant with the same offense, founded on the same facts, such indictment was void."

The court put a great deal of emphasis upon the fact that under the material circumstances the court might direct the case to be submitted to "another grand jury," and said this manifestly did not authorize a submission to the *same* grand jury that had found the original indict-

ment which had succumbed to the demurrer. We have no statute like the California statute relied upon in that case.

The other California case is People v. Hanstead, 135 Cal. 149, 67 P. 763 (1901) which quotes from the opinion in Terrill v. Superior Court, supra. This last-mentioned case was commented on by the Circuit Court of Appeals in Thompson v. United States, 202 F. 401, 404, 47 L. R. A. (N. S.) 206, arising in California. In that action a second indictment had been returned against the defendant in which he was accused of the identical crime in the first indictment. The contention was that this could not be legally done. The court said:

"Counsel for plaintiff in error cite three decisions—People v. Hanstead, 135 Cal. 149, 67 P. 763; People v. Bright, 157 Cal. 663, 109 P. 33; People v. Landis, 139 Cal. 426, 73 P. 153. The two cases last named are not in point, but People v. Hanstead holds distinctly in accordance with the contention of the plaintiff in error. That was a decision by a department of the Supreme Court and it runs directly counter to a former decision of that court in banc, reported in People v. Northey, 77 Cal. 618, 19 P. 865, 20 P. 129 (8 Am. Crim. Rep. 338). The opinion in the Hanstead Case takes no note of the Northey Case, and the court would seem to have overlooked the decision in that case. The practice in the state of California, therefore, cannot be said to be settled in favor of the proposition for which the plaintiff in error contends. It is to be observed that all of the decisions of the Supreme Court of California above cited were rendered prior to the change in section 1008 of the Penal Code, which was made in 1905 (St. 1905, p. 773'). That section prior to the amendment provided that, if a demurrer were sustained to an indictment, it was a bar to another prosecution for the same offense, unless the court being of the opinion that the objection to which the demurrer was allowed might be avoided in a new indictment 'directs the case to be submitted to another grand jury.' The section as amended substitutes for the last clause the following: 'Directs the case to be submitted to the same or another grand jury'—thereby declaring the law of the state to be that a grand jury which had once found an indictment against a defendant was not disqualified to find a second indictment against him upon the same facts, a wise provision of law, and we may well wonder why it should ever have been held otherwise, as no substantial reason is apparent why a grand jury after having once found an indictment which is discovered to be defective in form may not, upon the information which it has acquired, and with the same conviction, based upon that information, that the defendant should be brought to trial, present a second indictment for the same offense."

The foregoing case was cited with approval by the California Court of Appeals in People v. Follette, 74 Cal. App.

178, 240 P. 502 (1925). See, also, Copeland v. Superior Court, 62 Cal. App. 316, 217 P. 573, deciding:

"A grand jury having found one indictment is not disqualified to return a second upon the same facts, the proper procedure being taken."

The court said:

"The case of Terrill v. Superior Court, 6 Cal. Unrep. 398, 60 P. 38, was decided in 1899 when the statute used the phrase, 'to another grand jury,' instead of 'to the same or another grand jury,' as it now reads. Hence that decision can be of no assistance here."

The trial court said in the case at bar:

"There has been nothing shown to the court tending to show that the grand jurors entertained any feeling of prejudice or other feeling that would disqualify them, except the fact that they had investigated the case before."

We hold that the "state of mind" referred to in paragraph 6 of section 78—203, 1929 Comp., must arise from circumstances occurring or something heard outside, which had not the sanction of an oath and is merely hearsay. See People v. Northey, 77 Cal. 618, 19 P. 865, 20 P. 129.

Upon this record we are of the opinion that the trial court did not abuse its discretion in denying appellant's challenge to the grand jurors.

■ The indictment charges that the defendant did unlawfully, willfully, feloniously, violently, and forcibly, make an assault upon the prosecutrix with the intent * * * unlawfully, feloniously, and by force and violence, to ravish, carnally know, and abuse. Appellant contends that this is not a sufficient charge, because it is not alleged that the defendant made the assault "with the intent to forcibly overcome her resistance." He argues that by section 35—801, 1929 Comp., the effective definition of rape, as applicable to the facts of this case, is, "That a person perpetrating rape upon or an act of sexual intercourse with a female when * * * her resistance is forcibly overcome," and that the indictment for an assault with intent to rape should allege an intent of the defendant to overcome resistance. He cites authorities to the effect that an attempt embraces every element of the offense except its accomplishment, and that such elements should be charged

in an indictment for an attempt. This may be conceded; yet we find that the indictment alleges that defendant's intention was to "ravish." The element of forcibly overcoming resistance is included in the meaning of this word, and there is no merit to the contention.

 The appellant complains that the court erred in permitting the prosecutrix and other witnesses to testify as to the details of the complaint she made immediately after the assault. We have carefully examined the record, and we think the trial court committed no error to the prejudice of appellant in applying the principle governing the admission of spontaneous utterances under stress. See State v. Buck, 33 N. M. 334, 266 P. 917.

 Finally, appellant urges that the verdict of the jury is contrary to the law and the evidence. It is not claimed that there is any error in the instructions. At the close of the state's case, the defendant made a motion for an instructed verdict of not guilty. This, in effect, is a demurrer to the evidence. The motion was overruled, and defendant presented evidence in support of his defense. By so doing, he waived any error of the court in ruling thereon, if error there was. Ex parte Pra, 34 N. M. 587, 286 P. 828, and cases cited; Federal Reserve Bank of Dallas v. J. N. Upton, 34 N. M. 509, 285 P. 494; State v. Analla et al, 34 N. M. 22, 276 P. 291; State v. Stewart, 34 N. M. 65, 277 P. 22-27; First State Bank of Alamogordo v. McNew et al., 33 N. M. 414-418, 269 P. 56; State v. Vincioni, 30 N. M. 472—476, 239 P. 281. Defendant made no similar motion at the close of the entire case. The case at bar does not seem to call for the exercise of the inherent power of this court to intervene for the protection of fundamental rights, as in State v. Garcia, 19 N. M. 414, 143 P. 1012. Nor is it like State v. Taylor, 32 N. M. 163, 252 P. 984, where we thought the story of the prosecutrix inherently improbable.

The judgment must accordingly be affirmed, and it is so ordered.

WATSON and SIMMS, JJ., concur.

PARKER and CATRON, JJ., did not participate.